[No. 13677.   Department Two. — March 7, 1892.]

H. S. CROCKER ET AL., RESPONDENTS, v. THE FIELD'S
BISCUIT AND CRACKER COMPANY ET AL., AP-
PELLANTS.

BOND — LIABILITY OF SURETIES — SALE OF LABELS — REFUSAL OF OFFER
FOR DELIVERY — EXPENSE OF PLATES. — Where, upon release of an
attachment against a corporation, a bond has been given to secure the
payment by the corporation of all sums due and to become due under
its contracts with the plaintiffs for the sale and delivery of show-cards,
labels, and lining for boxes, the sureties on the bond are liable for labels
prepared and offered for delivery, which the corporation did not take,
but left in the hands of the plaintiffs, and are also liable for the expense
incurred in the preparation of plates, which were a necessary ingredient
in the printing of the labels contracted for, and which were useless to
the plaintiffs, if the corporation refused, after the expense was incurred,
to allow the labels to be printed and delivered.

ID. — LAW ENTERING INTO CONTRACT. — A contract for the sale of goods, and
a bond given to secure the performance of the contract, are both deemed
to have been made with reference to the law governing sales of goods.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order de-
nying a new trial.

The facts are stated in the opinion.

*J. C. Martin, R. Percy Wright,* and *Theodore Bradley,*
for Appellants.

*John H. Dickinson,* and *Henry E. Monroe,* for Respond-
ents.

FOOTE, C. — This action is upon a bond for two thou-
sand five hundred dollars, executed by the Field's Bis-
cuit and Cracker Company as principals, and R. Percy
Wright and William Collins as sureties.

Judgment passed for the plaintiffs, from which, and
from an order denying a new trial, this appeal is taken.

The defendant corporation had contracted with the
plaintiffs for the sale and delivery to it of certain show-
cards, labels, and linings for boxes, and had failed to
pay for them as agreed upon, and the plaintiffs had

levied an attachment upon the defendant's property. In order to obtain a release of that attachment, the bond was entered into by the corporation as principal, and Wright and Collins as sureties. The condition of the bond is: " That if said Field's Biscuit and Cracker Company shall pay to the said H. S. Crocker & Co. the amount due and to become due to them for goods sold and delivered to said Field's Biscuit and Cracker Company, or to be sold and delivered to said company, according to the terms of the contracts between said H. S. Crocker & Co. and said Field's Biscuit and Cracker Company respecting the same, and shall fulfill said contract, then this obligation to be void, otherwise to remain in full force and effect."

The corporation, it is alleged, failed to pay what it owed for goods sold and delivered under its contracts, and this action was then brought to recover what was claimed to be due the plaintiffs.

There seems to be no question, from the defendant corporation's answer, but what at least $1,960.50 was due the plaintiffs for goods sold and delivered, so that the real matter for determination is, whether the court improperly allowed evidence to go to the jury as to the cost of certain plates from which labels contracted for by the defendant corporation were to be printed, and in refusing to grant, as asked for, two instructions of the defendants.

It is insisted that there was no contract to furnish plates, no claim made in the complaint for their value, and no responsibility on the bond as to them.

The contract, with reference to which the bond was made, was for the sale and delivery of certain labels, among other things, and it appears that as a necessity for the printing of these labels, and their delivery to the defendant corporation under the contracts, the plates had to be made at a certain expense to the plaintiffs, and that after they were thus made, and the expense incurred by the plaintiffs, one of the defendants, R. Percy Wright, the agent and attorney for the other parties,

ordered that the labels contracted for should not be printed, and should not be delivered. To deliver the labels under the contract, it was as much a necessity to have the plates as the paper on which to print them, and Wright knew that the plates were to be charged for before the bond was executed, if the goods ordered were not taken as agreed. Therefore, we do not see how the defendants can successfully contend that as a part of their contract they are not responsible for the expense of making the plates, now useless to the plaintiffs. Defendants refused to let the contract be carried out; they caused the expense which was essential to enable the delivery of the labels contracted for, and that expense was necessarily intended under the contract which the bond referred to; and besides that, it was claimed by plaintiffs to be due under the contract, which fact Wright knew when he signed the bond.

The instructions to be considered, asked by defendants, were these:—

1. "The jury must leave out of consideration all evidence respecting goods sold by plaintiffs to the defendant Field's Biscuit and Cracker Company, which are not shown to have been actually delivered."

2. "The jury must leave out of consideration all evidence respecting goods sold or delivered by plaintiffs to the defendant Field's Biscuit and Cracker Company, except show-cards, labels, and manila linings for boxes."

The court qualified the first instruction by reading to the jury section 1141 of the Civil Code, which is as follows:—

"Sec. 1141. Title is transferred by an executory agreement for the sale or exchange of personal property only when the buyer has accepted the thing, or when the seller has completed it, prepared it for delivery, and offered it to the buyer with intent to transfer the title thereto, in the manner prescribed by the chapter upon offer of performance."

The court then said: "Now, of course, if in this case the plaintiffs prepared these labels on the order of de-

fendant, and it was defendant's place, as part of its contract, to call for them, and did not do it, then the fact that they were not actually delivered is of no consequence."

The defendants contended that nothing but *manual delivery* will satisfy the terms of the bond.

The record shows that certain labels contracted for were prepared and offered for delivery to the defendant corporation, which it did not take, but left them in the hands of plaintiffs. The corporation was responsible for the payment of the contract price for them, and the court committed no error in the course pursued.

The second instruction, not given as asked, was not proper under the facts of the case. The price of the plates were as much included in the contract, if the defendant refused, after the expense was incurred at its request, to allow the labels to be printed and delivered, as if the labels had been printed and refused by the defendants when offered for delivery. The plates were a necessary ingredient in printing and delivering the labels, and the fault of having them made and left as useless in the hands of plaintiffs was that of the defendant corporation. The instruction excluded all compensation on this head to be taken into consideration by the jury.

The contract and bond were both made with reference to the law governing such sales of goods, and we see nothing in the admission of evidence, or the action of the court as to instructions, in the least degree prejudicial to the defendants. (*Upstone* v. *Weir*, 54 Cal. 126.)

The appeal has no merit, as we think, and the judgment and order should be affirmed.

Belcher, C., and Vanclief, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

De Haven, J., concurred in the judgment.

Hearing in Bank denied.