## BROCK ET L. *v.* CLARKSBURG STATE BANK OF CLARKSBURG.

[No. 12,554.   Filed December 9, 1926.]

1. INSURANCE.—*Loss from injudicious acceptance of notes by cashier of bank not covered by bond for faithful performance of duties.*—The surety on cashier's bond covering loss to the bank through his failure to honestly and faithfully discharge his duties as such cashier was not liable for loss sustained by accepting notes from parties that afterward proved to be insolvent.   p. 393.

2. INSURANCE.—*Bank cashier's bond for faithful discharge of his duties does not cover acts of incompetency.*—A condition in a bank cashier's bond that he should honestly and faithfully discharge his duties goes only to his good faith and not to his competency.   p. 393.

3. INSURANCE.—*Loss sustained by cashier of bank concealing acceptance of notes from persons who became insolvent covered by his bond.*—A bank was entitled to recover on its cashier's fidelity bond issued by a surety company for loss sustained by reason of his concealing the fact that he had accepted notes from persons that afterward became insolvent and then secreting the renewals thereof, as they might otherwise have been collected.   p. 394.

4. INSURANCE.—*Evidence held sufficient to justify inference that bank's loss was attributable to cashier's conduct covered by his bond.*—In an action on a bank cashier's bond for losses sustained by reason of his concealment of notes taken for loans, evidence that the borrowers were solvent at the time of loans but afterward became insolvent justified the inference that the notes might have been collected but for the concealment.   p. 394.

From Decatur Circuit Court; *John W. Craig,* Judge.

Action by the Clarksburg State Bank of Clarksburg against Albert T. Brock and a bonding company that executed his cashier's bond. From a judgment for plaintiff, the defendants appeal. *Affirmed.* By the court in banc.

*Thomas E. Davidson, George L. Tremain* and *Rollin A. Turner,* for appellants.

*J. E. Osborn, Hugh D. Wickens* and *Frank Hamilton,* for appellee.

NICHOLS, J.—Action by appellee against appellants to recover upon an alleged breach of a cashier's bond executed by appellant Brock as principal and by appellant Fidelity and Deposit Company of Maryland as surety.

The complaint was in a single paragraph, to which there was an answer in general denial and one affirmative paragraph of answer, to which there was a reply. The cause was submitted to the court for trial, without a jury, which resulted in a finding and judgment of $6,168.35 in favor of appellee. The error assigned in this court is the action of the court in overruling appellant's motion for a new trial, the reasons for which being that the decision of the court is not sustained by sufficient evidence and that it is contrary to law.

The bond, the breach of which is the basis of this action, was filed with and made a part of the complaint and was conditioned that if the cashier should pay the employer "for such pecuniary loss as it may sustain through failure of said employee to honestly and faithfully discharge his duties in the course of his employment as such cashier during the term aforesaid or any renewal or continuations of his employment, then this obligation shall be void, otherwise to remain in full force and effect,  *  *  *."

It appears from the evidence that appellant Brock, as cashier of the Clarksburg State Bank had been ordered and instructed by the board of directors of said bank to collect all notes held by the bank on William Emsweller, and not to extend further credit to him, that Brock reported to the board of directors that all notes held by the bank signed by Hitchcock had been paid; that he made loans to W. L. Bell without the knowledge of the board of directors, and permitted said Bell to overdraw his account to the amount of $97.35, after being instructed by the board not to permit such overdraft. That it had been the custom and practice of the board

of directors for a long period of time to require the cashier to report all notes taken by him during the month, either for new loans or renewal notes for old loans, to the board of directors at their next regular meeting on the first Monday of each month after such notes were taken by the cashier; that Brock repeatedly told the board of directors that the bank was clear of all Emsweller notes; that since December, 1921, said cashier never reported any Hitchcock notes as among the assets of the bank, and told the board that the bank did not have any Hitchcock notes. That he made loans to W. L. Bell during 1922 and 1923 and never reported the same to the board at any meeting. That he knowingly and purposely abstracted the Emsweller, Hitchcock and Bell notes from the note case, and withheld them therefrom, where all notes belonging to the bank as a part of its assets were kept, during 1921, 1922, 1923, and until March, 1924. That he altered, changed and falsified the records of the bank by altering and changing the totals of said records in order to conceal the existence of all of said notes and then abstracted the same amount of notes from the note case. That the board of directors had no knowledge of the existence of any of said notes until February 25, 1924, and, in fact and good faith, believed that the bank did not own or have any of said notes as a part of the assets. That when the existence of all of said notes became known and said Brock was asked for an explanation in the presence of bank examiners and the board of directors, he admitted he had concealed the existence of all said notes and that he had done wrong and was sorry because he knew that the board of directors would not approve any of said notes. That none of said notes were in the note case when the semi-annual audits were made by a committee of the board of directors during the years 1920, 1921, 1922 and 1923. That said Ems-

weller, Hitchcock and Bell were wholly insolvent at the time of the trial and at the time the existence of said notes became known. That at the time the renewal notes were executed, Brock knew the parties were insolvent. Appellant Brock paid $3,500 into bank to cover losses but that none of the other officers of the bank or board of directors knew that Brock intended paying $3,500 into the bank to cover worthless paper, and nothing was ever said about accepting $3,500 in full settlement of any liability due from Brock to the bank. That the payment of $3,500 by Brock to the bank was a voluntary payment upon his part and was made by him after the existence of the Emsweller and Bell notes had been discovered by the directors. That it took the $3,500 paid by Brock to make the books balance, outside of the discrepancy found by the bank examiners and the notes involved in this action.

It appears by the evidence that each of the notes involved was a renewal note of a previous original note executed by the maker, and we find no evidence 1, 2. that, at the time of the original loans involved, appellant cashier knew that the parties were wholly insolvent, or that there was any fraud on his part. Accepting said original notes, as it seems to the court, was an error of judgment or injudicious exercise of discretion on his part, for which, clearly, under the terms of the bond, there could be no recovery. There is no evidence that appellant cashier derived any benefit whatever from the transactions here involved. The condition in the bond that appellant Brock should honestly and faithfully discharge his duties as cashier go only to his good faith and not to his competency. *State* v. *Chadwick* (1882), 10 Ore. 465; *President, etc., of Union Bank* v. *Clossy* (1813), 10 John. (N. Y.) 271.

The wrongful acts of appellant Brock, for which the court has found that there can be a recovery, must con-

sist in secreting the notes involved as well as the renewals thereof from the directors for the reason that he believed they would not approve of them, and his permitting a further overdraft by W. L. Bell after he had been ordered by the directors not to do so. The court has found from all the evidence that, by reason of the concealment of the notes, it was made impossible to collect them and that the money was wholly lost to the bank. There is evidence that each of said borrowers owned property at the time the original loans were made to them, and that apparently they were each solvent, but that eventually, and before this action was commenced, they were each wholly insolvent. From this evidence, the court might reasonably have inferred that, had it not been for the concealment of the notes, by diligence they might have been collected.

We are constrained to hold that there was some evidence to sustain the finding of the court.

Judgment affirmed.