SPARTA STATE BANK *v.* MYERS ET AL.

[No. 26,073.   Filed July 15, 1931.]

*D. F. Brooks* and *Deahl & Deahl,* for appellant.

*John R. Browne, James W. Noel, Hubert Hickam, Alan W. Boyd, Robert D. Armstrong* and *Walter S. Bent,* for appellees.

*William W. Hammond, C. Severin Buschman* and *Leo M. Gardner,* attorneys for Indiana Bankers Association, *Amici Curiae.*

ROLL, J.—This action was brought by the Sparta State Bank against Homer D. Myers and the Aetna Casualty and Surety Company of Hartford, Connecticut, on the bond of Myers as cashier of appellant bank. The court rendered judgment in favor of the defendants, and plaintiff appealed.

The complaint in one paragraph alleges, in substance, that Homer D. Myers was employed as cashier; that he gave bond with the Aetna Casualty and Surety Company as surety, conditioned that he would faithfully and honestly discharge his duties as such cashier; that he did not faithfully and honestly discharge his duties, in that he neglected and refused to account to the bank for money and property received by him as cashier in the sum of $1,732.21, and does now refuse to account for said money, but has taken and converted the same to his own use.

Appellants filed answer in two paragraphs; the first a general denial and the second alleged, in substance, as follows: It admits the employment of Myers as cashier and the giving of the bond conditioned as alleged in the complaint, also admits that the bank sustained losses of funds as set out and itemized; said answer further alleged that the directors and employees of said bank, including Myers, were ignorant of proper banking methods and practices and were generally incompetent to conduct the business affairs of said bank, and that the loss complained of was due and caused by the aforesaid inexperi-

ence, ignorance and incompetency, and was not caused by the unfaithfulness or dishonesty of any of said officers, including said Myers. The issues were closed by a reply to the second paragraph of answer in general denial.

The cause was tried by the court, who, at the request of plaintiff, found the facts specially, which are, in substance, as follows: Appellant employed Myers as cashier May 1, 1923, and he acted as cashier until October 3, 1924; at the time of his employment, he advised the officers of the bank that he was inexperienced in banking, bookkeeping and in the management of a bank and doubted his competency to act as cashier; that the officers of the bank advised him that they believed he could, with some training, satisfactorily perform the services; that the bank, with knowledge of such facts, employed him; that, for a cash consideration, the bond in question was executed by Myers with the casualty company as surety, with the condition that Myers would faithfully and honestly discharge his duties; Myers began his duties May 1, 1923, receiving deposits, paying checks, making loans, conducting the correspondence, keeping the note record and looking over the bank records generally; from May 1 to August 14, the bank had in its employ a competent and efficient bookkeeper, after which it employed other bookkeepers and employees besides Myers; during the time Myers was employed, the president of the bank, a director who had formerly been the cashier, and the other employees of the bank, had access to the money, safe, vault, money cage, cash and other resources of the bank and worked in and about the same whenever employed in, or attending to, the affairs of the bank; in June, 1924, it was discovered that there was a difference in the account between appellant and the Citizens Bank of Ligonier of $832.80, whereupon, an audit of the books of the bank was made, and it was found that, during the time Myers had been cashier,

there was a shortage of $1,732.21, in the accounts of the bank; that Myers did not know and could not explain how the discrepancies arose; during the time Myers was cashier, the bank had and kept the usual books showing the result of each day's business; Myers and all the persons employed in the bank, except the bookkeeper, who quit in August, 1923, were incompetent to keep the books, and the books were not kept according to the usual banking practices, or as required by the State Banking Department; in June, 1924, the State Banking Department made an examination and found the books had been inaccurately kept; that erroneous debit and credit items appeared, whereupon, the department notified the bank that Myers and the other employees in the bank were not competent to conduct the affairs of the bank and that competent help would have to be employed; Myers resigned October 1, 1924; before the commencement of this action, demand was made of Myers and his surety for payment of the loss. It is further found that Myers did not, during the time he was cashier, personally receive, take, convert or appropriate to his own use any of the money or property of the bank.

Appellant contends that the decision of the court is not sustained by sufficient evidence and that it is contrary to law.

The undisputed evidence shows that, during the time Myers was cashier, there were discrepancies and irregularities in the accounts of the bank, and that, by reason thereof, the bank lost $1,732.21. This loss was made up of a great number of items. One hundred and ninety-eight dollars was in the bond account; $100 in a deposit account; $151 in account of notes receivable; and the balance in the accounts with corresponding banks, the largest single item being a loss on October 19, 1923, of $832.80. Appellees admitted the losses as charged in

the complaint amounting to $1,732.21, and that they were not able to explain or account for them.

Appellant's first cause for a new trial is that "special finding of fact No. 8, found by the court is not sustained by sufficient evidence." The particular part of said finding complained of reads as follows: "The court further finds that the defendant Myers did not at any time during his employment as cashier of said Bank from the 1st day of May 1923 until the 1st day of October 1924, personally, or as cashier, receive, take, convert or appropriate, to his own use any of the money, credits or assets, of the plaintiff bank."

Appellee Myers testified upon this subject and stated, in effect, what the court found in the above finding. His evidence is sufficient to support the finding.

Appellant's second and third reasons for a new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

Appellant contends that the bond of a bank cashier conditioned that he will faithfully perform his duties is sufficiently broad to protect the bank against loss occasioned by the incompetency of the cashier, and argues in its brief that the defendant Myers, by accepting the position as cashier of appellant bank, contracted that he would faithfully, honestly and efficiently perform the duties of his office. Had appellee Myers said nothing about his ability as a cashier and had made application to the directors of the bank for the position of cashier, it might present a different question. In this case, the court found in its special findings that Myers did not solicit the position, and, when asked to accept the position as cashier, told the directors that he was inexperienced in banking, knew nothing about banking practice, and that he doubted his competency to serve as such cashier; that he was advised by the officers of the bank that they believed he could, with

some training, satisfactorily perform the services, and, with full knowledge of the facts, urged him to accept the position. These conditions, it seems to us, are sufficient to distinguish the contract of employment in this case from the usual contract of employment of a bank cashier. These facts repel the proposition that Myers contracted to perform the duties of his office skillfully and with competency. On the other hand, it would seem more reasonable that Myers and the directors of the bank understood that he should accept the position as cashier of said bank and that he should perform the duties of his office faithfully and honestly and to the best of his ability. If Myers so performed his duties, and loss occurred on account of his incompetency, of which the board of directors had full knowledge at the time of the employment, we can see no grounds for holding either Myers or his surety liable for such loss.

Appellant contends that a bond conditioned for the faithful and honest performance of his duties is sufficiently broad enough to cover incompetency.

It is well settled in this state that the extent or limitation of the liability incurred by the execution of a bond is fixed by the legal import of its terms, which should be construed according to the ordinary and reasonable meaning of the language employed. Courts should not give the wording of a bond a strained construction, to free a surety from an obligation nor to fasten one upon it. *Crocker* v. *Fields Biscuit, etc., Co.* (1892), 93 Cal. 532, 29 Pac. 225; *People* v. *Breyfogle* (1861), 17 Cal. 504-508; 9 C. J. 37, 38, and cases there cited.

There is no contention in this case that there has been a violation of the "honesty" provision of the bond, but only that the "faithfully" provision has been breached. If we apply the above rule of construction, appellant's contention cannot prevail.

To say that the word "faithfully," as here used, means skillfully and with competency, would not be giving the words their ordinary and reasonable meaning. In the case of *Common Council of Alexandria* v. *Corse* (1822), 2 Cranch C. C. 363, Fed. Cas. No. 183, it was held that the surety on a bond conditioned for the faithful execution of the duties of his office was not liable for an honest error in judgment or want of skill. The case of *Bank of United States* v. *Brent* (1826), 2 Cranch C. C. 696, Fed. Cas. No. 910, was a suit on the official bond of a bank teller, which was conditioned that he would "well and faithfully execute the office." The court held that the surety was bound only for the teller's fidelity and not his skill. *State* v. *Chadwick* (1881), 10 Ore. 465; *Union Bank* v. *Clossey* (1813), 10 Johns. (N. Y.) 271; *Brock* v. *Clarksburg State Bank* (1926), 85 Ind. App. 390, 154 N. E. 296.

We find no reversible error.

Judgment affirmed.