Hillsborough,
No. 4728.

MAURICE D. SHAPIRO & *a.*

*v.*

NATIONAL FIRE INSURANCE COMPANY.

Argued May 5, 1959.

Decided June 2, 1959.

*Maurice D. Stein* (by brief and orally), for the plaintiffs.

*H. Thorton Lorimer* and *G. Wells Anderson* (*Mr. Anderson* orally), for the defendant.

BLANDIN, J. The issue presented is whether there was evidence to support the conclusion of the Trial Court that there was no mutual mistake of fact to warrant reformation of a comprehensive liability policy issued to Dr. Pearl Goodman Gribetz. We agree with the contention of the plaintiffs, Maurice D. and Hannah G. Shapiro, that their failure, and that of the Gribetzes, to read the policy is not decisive of their right to reformation. *Hould* v. *Company*, 83 N. H. 474, 475. The record is plain that the Court, in denying the petition, did not base its decree on this ground, but because, among other reasons, it found that there was no mutual mistake of fact. It has been consistently held here "that to warrant a decree for reformation the 'mistake must be made out in the most clear and decided manner, and to the entire satisfaction of the court, and especially, must the proofs be clear and convincing, when the mistake is denied in the answer.' " *Gagnon* v. *Pronovost*, 97 N. H. 58, 60, and cases cited. The Court's finding, in the light of this principle on the record before us was amply supported by the evidence, and it follows that the plaintiffs cannot prevail upon this ground. *McLane* v. *Robinson Co.*, 95 N. H. 447.

They further placed reliance upon the claim that where, through the insurer's fault, the policy does not include the intended coverage, it may be reformed, citing 7 Appleman, Insurance Law and Practice, s. 4256, *p.* 12, and *Barrette* v. *Company*, 79 N. H. 59, 61. We have no quarrel with these authorities, but they do not appear applicable here in the face of the Court's findings. In the *Barrette* case there was evidence that the company's agent misrepresented to the insured the contents of the policy. The court so

found and allowed recovery. In the present situation, the Court has concluded that there was no misrepresentation on the part of the defendant and no justifiable reliance by the plaintiffs upon any conduct of it or its agent. *Cf. Hould* v. *Company*, 83 N. H. 474, 476. If it could be argued that the agency was not as alert as might be desired in caring for its customers' interests, a finding by the Court that it negligently or even innocently induced a mistake on the part of the insured (*cf. Rickle* v. *Mills*, 93 N. H. 191) was not compelled as a matter of law. The plaintiffs' contention therefore fails. *McLane* v. *Robinson Co.*, 95 N. H. 447; see *Margolis* v. *Insurance Company*, 100 N. H. 303, 308. An examination of the record discloses no other exceptions of merit and the order is

*Decree affirmed.*

All concurred.