Exeter Municipal Court,
No. 5044.

FOREST H. PACKER *v.* KATHERINE M. BURDITT.

Argued June 5, 1962.

Decided July 16, 1962.

*Shute & Engel (Mr. David C. Engel* orally), for the plaintiff.

*Robert Shaw* (by brief and orally), for the defendant.

WHEELER, J. The purchase and sale agreement was executed by the parties on June 13, 1961, in Attorney Robert Shaw's office, and the plaintiff issued a check in the sum of $200 to Attorney Shaw as a deposit. This agreement contained, among other provisions, that the premises were to be conveyed by deed within thirty days from the date thereof, delivery to be made "if the purchaser so requires, at the Registry of Deeds . . . ." No delivery of the deed was ever made to the plaintiff in accordance with the terms of a written agreement.

During the trial the defendant offered evidence to establish that after the execution of the agreement, Attorney Shaw, at the request of the plaintiff, called the Rochester Savings Bank and Trust Company and contacted Mr. Darrell, the president, in an effort to obtain financing for the transaction, and that the plaintiff went to the bank after leaving Shaw's office, and that there-

after plaintiff never returned with the money for the purchase of the property.

The defendant offered to prove that on June 14, 1961, Attorney Shaw wrote a letter to Mr. Darrell enclosing a copy of the proposed deed and a copy of the sales agreement. Defendant further offered to prove that on July 11, 1961, Mr. Shaw forwarded to Mr. Darrell the executed deed and a bill of sale for the trailer located on the property.

It was error to exclude this evidence since, if believed, it tended to establish that subsequent to the execution of the purchase and sale agreement the plaintiff orally agreed to have Attorney Shaw call the Rochester bank to obtain financing and have the bank act as plaintiff's agent to accept the deed and fix a new place for delivery. Evidence that such an agreement was made after execution of the written agreement was admissible and would not violate the parol evidence rule. *Warren* v. *Dodge,* 83 N. H. 47, 48.

*Exceptions sustained; new trial.*

All concurred.