Merrimack,
No. 6101.

CONCORD

*v.*

PEERLESS INSURANCE COMPANY.

December 30, 1970.

*R. Peter Shapiro* and *Leonard J. Merski* ( *Mr. Merski* orally ), City Solicitors, for the plaintiff.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* ( *Mr. Dort S. Bigg* orally ), for the defendant.

LAMPRON, J. Action by the city of Concord to recover on a bond issued by the defendant to indemnify plaintiff for loss caused by the failure of Thomas Pingree, its personnel and purchasing director, "to perform faithfully his duties." The breach relied on is Pingree's failure to request the Labor Commissioner to determine, in accordance with RSA ch. 280, the minimum wage rates to be paid in the construction of two municipal buildings. The builder thereof has recovered against the city a judgment of $3,926 plus interest and costs in an action for failure to obtain and include such minimum wage rates in its advertisement for bids on the projects in question in accordance with the requirements of RSA 280:2.

Defendant filed a motion to dismiss plaintiff's action on the ground that it is based on a loss allegedly caused by the negligent conduct of Pingree which is not insured under defendant's bond. Plaintiff's exception to the granting of this motion was reserved and transferred by *Flynn*, J.

Meanwhile plaintiff instituted a new suit against the defendant with a declaration substantially identical to that in the previous action except that it specifically characterized Pingree's conduct which caused the loss as a "breach of faithful performance." Defendant moved that this action be abated as a second suit for the same cause of action and that it be dismissed on the ground stated in its previous motion to dismiss as well as on other grounds. Plaintiff excepted to the granting of this motion and its exception was reserved and transferred. However the latter exception was neither briefed nor argued by the plaintiff and is considered waived. *Bartis* v. *Bartis,* 107 N.H. 34, 37, 216 A.2d 784, 786 ( 1966 ).

The main issue to be decided is whether if the declaration in plaintiff's first action seeks to recover for a loss resulting from the negligent conduct of its employee Pingree in the discharge of his official duties it states a cause of action against the defendant who insured the city under its bond for loss caused by Pingree's failure "to perform faithfully his duties."

RSA 280:1 provides that the rate per hour of the wages paid to certain specified persons employed in the construction of public works by a city "shall not be less than the rates of wages to be determined by the labor commissioner." RSA 280:2 requires that "[a]t least ten days before asking for bids the authorized officials or agency prescribing specifications shall request the labor commissioner to determine the minimum wage rates as

provided in section 1. " It also provides that in advertising for bids "the awarding official, or public body, shall incorporate said schedule in the advertisement or call for bids . . ." which schedule shall be made a part of the contract. RSA 280:4 provides that "[w]hoever shall willfully pay less than said rates . . . shall forfeit to the commissioner a sum equal to twice the difference between the determined rates and the wages actually paid to said employees. . . ."

It is clear that this statute imposed a positive duty on an official of the city of Concord to obtain a schedule of such minimum wage rates and to incorporate it in the advertisement for bids on public works and to make it a part of the construction contract. *Union School District* v. *Comm'r of Labor*, 103 N.H. 512, 515, 176 A.2d 332, 335 (1961). Plaintiff's declaration alleges that a failure to comply with this statutory duty in two instances caused the losses for which it seeks recovery.

Plaintiff's declaration also alleges that "[t]he responsibility for obtaining wage rates and notifying the contractor and all other City officials was vested in the Personnel & Purchasing Director, Mr. Thomas Pingree. " In considering the propriety of granting defendant's motion to dismiss, the facts alleged in plaintiff's pleadings are to be considered as true and are to be construed most favorably to the plaintiff. *Cote* v. *Litawa*, 96 N.H. 174, 175, 71 A.2d 792, 793 (1950). The statutory obligation imposed on the city by RSA ch. 280 and the allegation that the duty to comply devolved on Pingree by virtue of his office become material factors in assessing Pingree's "faithful performance" which defendant was insuring by its bond. 4 McQuillin, Municipal Corporations *ss.* 12.224, 12.224a (rev. vol. 1968); Rhyne, Municipal Law *s.* 8-35, at 171, 172 (1957). *See Paisner* v. *Renaud,* 102 N.H. 27, 29, 149 A.2d 867, 869 (1959); *Rivier College* v. *St. Paul Fire Ins. Co.,* 104 N.H. 398, 401, 187 A.2d 799, 802 (1963); *Totowa* v. *American Surety Co.,* 39 N.J. 332, 343, 188 A.2d 586, 592 (1963); *Cf. City of Lowell* v. *Stiles,* 232 Mass. 341, 342, 122 N.E. 412, 413 (1919). The rule which governs the interpretation of a contract of insurance prevails in this situation. *Insurance Company of North America* v. *Tucker,* 262 A.2d 489, 490 (Vt. 1969); 28 Ins. Counsel J. 210 (1961). Therefore the defendant's obligation under its bond is to be determined not by what the insurer intended the clause to mean but by what a reasonable person in the position of the named insured would have understood it to

mean. *Standard &c. Ins. Co.* v. *Swift,* 92 N.H. 364, 367, 31 A.2d 66, 68 ( 1943 ); *McCaffery* v. *St. Paul Fire Ins. Co.,* 108 N.H. 373, 375, 236 A.2d 490, 492 ( 1967 ).

Defendant's bond entitled a " Public Employees Blanket Bond " can provide two types of coverage: ( 1 ) " Honesty " which insures against loss sustained through any fraudulent or dishonest act committed by an employee; ( 2 ) " Faithful performance " which insures for loss sustained by the failure of an employee to perform faithfully his duties. The bond in question was of the latter category. " The term ' faithful performance ' . . . goes further than honesty and implies that a person may be held responsible . . . even though he has been entirely honest in his conduct. " F.C.&S. Bulls., Public Employees Blanket Bonds, Po-2 ( July 1958 ). It is to be noted that the bond in question is on a revised form of May 1958. Such a bond "involves competence in the performance of specific duties, " it covers " acts of commission and acts of omission. " " This is broad coverage taking in acts of negligence, carelessness, incompetence. " Samuel Komoroff, Public Employee Blanket Bonds, ABA Sect. Ins. N.&C.L. 1968 Proceedings 148, 153-55; 4 A.B.A. The Forum 292 ( 1969 ); 37 Ore. L. Rev. 95, 114 ( 1958 ).

Public employees' faithful performance bonds are similar in coverage to faithful performance bonds for private business. F.C.-&S., *supra* at Po-1. Bank officers bonds conditioned upon the faithful discharge of their duties have been held to guarantee competency, efficiency and diligence in the discharge of duties. 10 Am. Jur. 2d Banks *s.* 87 ( 1963 ). Such bonds may cover losses resulting from the negligence of the bonded employee. 35 Am. Jur. 2d Fidelity Bonds and Insurance *s.* 21 ( 1967 ). The negligent discharge or nonperformance by a municipal employee of positive duties imposed upon him by law have been held to create liability on the surety insuring his faithful performance. *Lowell* v. *Massachusetts Bonding & Ins. Co.,* 313 Mass. 257, 47 N.E.2d 265 ( 1943 ); 4 McQuillin, Municipal Corporations *ss.* 12.208b, 12.224 ( rev. vol. 1968 ). *See Sparta State Bank* v. *Myers,* 202 Ind. 553, 177 N.E. 258 ( 1931 ).

Defendant relies on *Exeter Banking Co.* v. *Taylor,* 85 N.H. 458, 160 A. 733 ( 1932 ), in support of the action of the trial court granting its. motion to dismiss. There were two actions in that case, one on an "honesty bond, " the other on a "faithful performance bond. " The headnote to the case, and the case cited in the opinion ( *Follett* v. *Insurance Co.,* 77 N.H. 457,

459, 92 A. 956, 957 ( 1915 ) ), seem to indicate that the court's statement that the bond did not insure against loss caused by negligence was meant to apply to the honesty bond. As to that type of bond, it is in accordance with well established law that mere negligence does not constitute fraud or a violation of a bond insuring loss through fraudulent or dishonest acts. *Home Indemnity Company* v. *Reynolds & Co.,* 38 Ill. App. 2d 358, 375, 187 N.E.2d 274, 282 ( 1963 ); 9 Appleman, Insurance Law and Practice *s.* 5667 ( 1943 ); 35 Am. Jur. 2d Fidelity Bonds and Insurance *s.* 23 ( 1967 ). *See* Annot., 98 A.L.R. 1264, 1275-276 ( 1935 ) so construing the holding in *Exeter Banking Co.* v. *Taylor supra.*

If the court intended the statement relied on to apply to the faithful performance bond, we doubt that it represents the current law and we hold that defendant's motion to dismiss based thereon should not have been granted. F.C.&S., Bulls., Public Employees Blanket Bonds, Po 1-2 ( July 1958 ); 37 Ore. L. Rev. 95, 114 ( 1958 ); ABA Sect. Ins. N.&C.L. 1968 Proceedings 148, 153-55; 4 ABA The Forum 292 ( 1969 ); 4 McQuillin, Municipal Corporations *ss.* 12.208b, 12.224 ( rev. vol. 1968 ). *See City of Lowell* v. *Stiles,* 232 Mass. 341, 122 N.E. 412 ( 1919 ); *Lowell* v. *Massachusetts Bonding & Ins. Co.,* 313 Mass. 257, 47 N.E.2d 265 ( 1943 ); *Sparta State Bank* v. *Myers,* 202 Ind. 553, 177 N.E. 258 ( 1931 ).

*Plaintiff's exception sustained.*

All concurred.