Merrimack
No. 7824

EKCO ENTERPRISES, INC.

v.

REMI FORTIN CONSTRUCTION, INC.

REMI O. FORTIN

v.

EKCO ENTERPRISES, INC.

REMI FORTIN CONSTRUCTION, INC.

v.

EKCO ENTERPRISES, INC.

January 23, 1978

*Hall, Morse, Gallagher & Anderson,* of Concord (*Charles T. Gallagher* orally), for the plaintiff Remi Fortin Construction, Inc.

*Dalton, Dalton, Asoian & McGarry,* of Andover, Massachusetts (*Charles F. Dalton, Jr.,* orally), for the defendant Ekco Enterprises, Inc.

BOIS, J.   These are three consolidated actions relating to the construction of apartment buildings by Remi Fortin Construction, Inc. ("Fortin") upon premises owned by Ekco Enterprises, Inc. ("Ekco"). The parties entered into a contract to construct three apartment buildings under the terms of which Fortin was to receive $167,000 in installments for each of the three buildings and was required to notify Ekco on the completion of each building. All were to be erected within one year. In the event of any breach of the contract by Ekco, it was to pay any of Fortin's attorney fees incurred as a result of such breach.

Fortin was unable to secure a completion bond called for by the agreement, and in lieu thereof the financing bank required Ekco to deposit with it the sum of $33,333 before the start of each building. This money was to be disbursed as progress payments to Fortin before any of the bank money. Stephen Ekstrom and Remi For-

tin each agreed to personally advance one-half of this amount to the bank. The master found that Remi Fortin's share, $16,666.00, was given as a loan to Ekco.

About the middle of December 1971, Fortin started construction of the first apartment house. However, because the deposit of $33,333 had not been made as required, the bank refused to honor any requisition filed by Fortin for installment payments to cover labor and materials furnished. It was not until May 1972, when the deposit was made, that Fortin received any compensation for completed work. This caused Fortin to slow, and for a few days to shut down, its operation.

Work continued on the project until December 12, 1972, when Fortin received a written notice from Ekco ordering it to cease work. At that time, construction of the first apartment building was substantially completed, although there was certain unfinished work to be done and certain defects to be repaired. Fortin had also started construction on the second apartment building.

At the time of contract termination, Fortin had already received in excess of $180,000 for the first apartment building pursuant to the construction contract. Fortin brought an action to recover for "extras" supplied in its construction as well as for work done on the second building. Remi Fortin, individually, brought an action to recover the $16,666 he had deposited with the bank. The third action was brought by Ekco against Fortin to recover damages for the allegedly unsatisfactory construction work.

Hearing was had before a Master (*Leonard C. Hardwick*, Esq.). *Batchelder*, J., approved the recommendation that:

1. In the case of *Remi O. Fortin v. Ekco Enterprises, Inc.*, there be a verdict for Fortin in the sum of $16,666;

2. In the case of *Remi O. Fortin Construction, Inc. v. Ekco Enterprises, Inc.*, there be a verdict for Remi O. Fortin Construction, Inc., in the sum of $54,583.50 (later corrected, [with the approval of *Keller*, C.J.] to $61,239.02 including attorney fees); and

3. In the case of *Ekco Enterprises, Inc. v. Remi Fortin Construction, Inc.*, there be a verdict for Ekco Enterprises, Inc., in the sum of $7,500.

During the course of the trial, Ekco seasonably excepted to the denial of certain motions and to certain rulings admitting and excluding evidence, together with other rulings by the master. Subsequent to the verdict, Ekco seasonably excepted to the denial of its

motions to set aside the master's report; to vacate the verdict in the case of *Remi Fortin v. Ekco;* and to reduce the verdict in the case of *Fortin v. Ekco;* and excepted to the granting of a motion for reconsideration of the master's report for correction of errors, and to the second report of the master dated July 26, 1976. All questions of law raised were reserved and transferred by *Keller,* C.J.

Fortin has transferred no exceptions to this court and seeks no review of the verdict for Ekco in the amount of $7,500 for unfinished and unworkmanlike work. Ekco has not contested before this court the verdict for Remi Fortin in his action to recover the $16,666 deposit made to the bank to secure Ekco's loan.

The only matters for our consideration are the verdict for Fortin against Ekco in the corrected amount of $61,239.02 and the admission of certain evidence of negotiations held prior to the execution of the written contract. All other matters are considered waived. *Town of Derry v. Simonsen*, 117 N.H. 1010, 380 A.2d 1101 (1977); *Concord v. Peerless Ins. Co.*, 110 N.H. 497, 498, 272 A.2d 588, 589 (1970).

The master ruled that Ekco was justified in terminating the contract as to the second and third buildings, but that Fortin was entitled to recover for the first building, which was substantially completed and for which it had already been paid the contract price. The master ruled that it was entitled to recover for ten types of extras as well as for work done on the second building. Additionally the master awarded attorney fees to Fortin, computed on a base figure arrived at by subtracting the verdict for Ekco from the verdict for Fortin.

For the reasons stated below we affirm the verdict entered, with the exception of the award of attorney fees, which we hold to have been improperly allowed.

The master allowed the value of certain extras, only three of which are challenged by Ekco. The first challenge is directed to the award for extra wall plugs installed over and above "a minimum of 3 plugs per room" as called for in the original agreement. The second is directed to the allowance of extra compensation for the installation of steam heat instead of electric heat, which is generally cheaper to install but in the long run less economical for the owner. The written contract required Fortin to install either type of heating system at its option. The third extra for which recovery

was allowed involved the installation of a concrete roof. The agreement called for a wooden one but the municipality's building code prohibited a wooden roof, so Fortin substituted a concrete one.

We hold, as to these "extras," that the record discloses sufficient evidence to support the master's finding that the original agreement was modified by the parties after its execution. Although the contract did specify that extra work was to be requested and agreed to in writing, the master correctly ruled that this requirement did not bar recovery for extras, improvements, and substitutions made with Ekco's full knowledge and approval. *See R. J. Berke Co., Inc. v. J. P. Griffin Inc.*, 116 N.H. 760, 367 A.2d 583 (1976); *Page v. Northeast Combustion Service, Inc.*, 113 N.H. 575, 311 A.2d 119 (1973); *Packer v. Burditt*, 104 N.H. 248, 182 A.2d 895 (1962).

In August 1974, before trial, Fortin filed a motion for reformation of the construction contract on the ground that the contract price was set low in order to secure bank financing and that it did not reflect the parties' true agreement. The defendant failed to request a hearing or otherwise plead, and the motion was granted under superior court rules. New counsel for Ekco subsequently moved to reconsider the motion. At the hearing the parties stipulated that the motion to reform be treated as one to amend the pleadings, and that the question whether the written contract should be modified, in light of oral evidence, be submitted for the master's determination on the merits. Ekco now argues that the master erred in admitting evidence of negotiation held prior to the execution of the written contract, contending that the consideration of this evidence violates the plain meaning rule and was the basis for the award for extras. The plain meaning rule bars consideration of testimony, in interpreting a written contract, that would contradict the plain meaning of the terms of the contract. *Spectrum Enterprises, Inc. v. Helm Corp.*, 114 N.H. 773, 329 A.2d 144 (1974).

The master's report, however, clearly reveals that the testimony about prior negotiations was admitted to determine the question whether the contract should be reformed, *i.e.*, whether it expressed the true intentions of the parties. The plain meaning rule is subject to the principle of reformation in that a written instrument will be reformed if it is shown that the instrument is not

the true expression of the parties' agreement. 3 A. Corbin, Contracts § 540 (1960); *see Shapiro v. National Forest Fire Ins., Co.,* 102 N.H. 111, 151 A.2d 590 (1959); *Gagnon v. Pronovost,* 97 N.H. 58, 64, 80 A.2d 381, 385 (1951). It was expressly found that the contract did embody the true understanding of the parties and so should not be reformed. The record reveals that the award of extras to the plaintiff was based on agreements reached by the parties *after* formation of the contract; therefore, the admission of the evidence in question was proper.

We find, however, that the award of attorney fees to Fortin was improper. The contract made Ekco liable for attorney fees incurred by Fortin "[i]n the event of any breach of contract by the owner [Ekco] . . . ." There was no such breach here. The master specifically found that Ekco's termination as to the second and third buildings was justified by Fortin's unsatisfactory performance. As to the first building, Fortin had already been paid the full contract price and recovery was sought for extras. The master also allowed recovery for the partial work done on the second building.

We have long adhered to the general rule that parties pay their own counsel fees and that the prevailing litigant is ordinarily not entitled to collect them from the loser. Exceptions have been "judicially fashioned" in the past, and we have held "that where litigation is instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct, an award of attorneys' fees . . . is within the court's power." *St. Germain v. Adams,* 117 N.H. 659, 377 A.2d 620, 623 (1977); *see Harkeem v. Adams,* 117 N.H. 687, 377 A.2d 617 (1977); *see Wilko v. Tap Realty, Inc.* 117 N.H. 843, 379 A.2d 798 (1977).

In the instant case the master found a justifiable termination on Ekco's part and made no finding that would permit this litigation to be classified as an exception to the general rule. The record reveals no other basis, either statutory or at common law, for the allowance of attorney fees and we therefore conclude such an award to have been improper.

*Exceptions sustained in part,*
*overruled in part; remanded.*

LAMPRON, J., did not participate in the decision of this case; the others concurred.