Merrimack
No. 7947

KEITH JON STONE

v.

EVERETT I. PERRIN, WARDEN
NEW HAMPSHIRE STATE PRISON

February 17, 1978

*Keith Jon Stone,* pro se.

*David H. Souter,* attorney general, and *Edward N. Damon,* assistant attorney general, for the State.

PER CURIAM. The issue is whether plaintiff was entitled to a hearing on the question of his reparole when he first became eligi-

ble to apply for a hearing before the parole board. Plaintiff's exceptions to the denial of his petition for a writ of habeas corpus were reserved and transferred by *Cann,* J.

Plaintiff was sentenced in 1972 to the New Hampshire State Prison for one to ten years on a charge of being an accomplice to armed robbery. He was paroled and set free on January 16, 1973. On March 23, 1973, he was arrested for rape and aggravated assault. His parole was revoked on the original crime after being convicted of the aggravated assault charge, for which he was sentenced to five to ten years to run concurrently with the robbery sentence. Plaintiff was transferred to the Cheshire County jail, from which he escaped on November 7, 1975. He was charged with escape, was convicted, and was sentenced to four to ten years to be served consecutively with the sentences he was then serving. Plaintiff became eligible to apply for a reparole hearing under the rules of the parole board (hereinafter board) on March 1, 1976. A successful reparole on the robbery sentence and an initial parole on the aggravated assault sentence would allow him to begin serving the sentence for escape, and thus hasten the time for parole consideration on that charge.

In July 1976, the board denied plaintiff's June 1976 request for reparole without giving him a hearing, but indicated it would be willing to review his case in six months at its December 1976 meeting and decide at that time whether to grant him a reparole hearing. This latter meeting was postponed, but on January 5, 1977, the board reviewed plaintiff's case and granted him a hearing that was to take place the following month. After the February hearing, the board granted his request for reparole. In April 1977, plaintiff filed a petition for writ of habeas corpus. He attacked the board's action and sought an order that his reparole should become effective as of March 1, 1976, the date on which he first could have requested a hearing, rather than February 24, 1977, the effective date set by the board.

Plaintiff's claim that the board violated his statutory rights under RSA 651:45 is deemed waived by his failure to raise and brief the issue on appeal. *Ekco Enterprises, Inc. v. Remi Fortin, Inc.,* 118 N.H. 37, 382 A.2d 368 (1978); *Town of Derry v. Simonsen,* 117 N.H. 1010, 380 A.2d 1101 (1977). The only issue briefed by the plaintiff is his claim that he was denied due process of law.

The threshold question, of course, is whether due process applies at this stage of the parole decision. If it does not, then we need not

reach the question whether the procedure the board followed comports with the constitutional requirement of fundamental fairness. The Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471, 480 (1972), held that an individual free on parole whose parole is sought to be revoked has minimal due process rights. The Court ruled that "[w]hether any procedural protections are due depends on the extent to which an individual will be 'condemned to suffer grievous loss.'" *Morrissey v. Brewer,* 408 U.S. at 481 (citations omitted). The Court has yet, however, to squarely face the due process issue in either a parole or reparole context. *Cf. Lay v. Williams,* 46 U.S.L.W. 3260 (Oct. 17, 1977) (White, J., dissenting); *Scott v. Kentucky Parole Bd.,* 429 U.S. 60 (1976) (due process issue in parole release settings not reached because of mootness); *Bradford v. Weinstein,* 423 U.S. 147 (1975) (same).

■■ The plaintiff's entitlement to or expectancy of reparole is limited to that which is granted by the State. The parole release statute, RSA 651:37 *et seq.,* does not mention reparole, and the board's rules and regulations cannot be construed as granting plaintiff an interest which is within the scope of the "liberty or property" language of the fourteenth amendment.

■ The board has adopted the following regulation: "A prisoner returned for violation of parole may request to be heard six months following his return to confinement. The board may, in its discretion, grant a hearing at that time, or at any time prior to expiration of the prisoner's maximum term." Section IV, 5.14, Rules and Procedures Adopted by the New Hampshire Board of Parole. This regulation merely sets forth the time when the prisoner may request a hearing; it does not create a right to consideration for reparole, the denial of which condemns the prisoner to "suffer grievous loss." The decision whether to grant a hearing for reparole consideration is entirely within the board's discretion.

■■ The loss of a privilege once granted is clearly different from the denial of a privilege that has never been given. *Brown v. Lundgren,* 528 F.2d 1050, 1052 (5th Cir. 1976), *cert. denied,* 45 U.S.L.W. 3329 (U.S. Oct. 29, 1976). We hold that the due process clause does not apply.

*Exception overruled.*

LAMPRON, J., did not participate on the decision of the case.