Francis Pierce v. State of NH          CV-96-065-B    04/17/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>**Francis Pierce, Jr.**</u>

    **v.**                                                    Civil No.  96-065-B

<u>**State of New Hampshire**</u>

<u>MEMORANDUM AND ORDER</u>

Francis Pierce was convicted of aggravated felonious sexual assault and felonious sexual assault in New Hampshire Superior Court on August 4, 1993.  On February 7, 1996, Pierce filed a petition for a Writ of Habeas Corpus in this court asserting that his conviction was improper because:  (1) the prosecutor improperly withheld exculpatory evidence; (2)  trial counsel improperly failed to give Pierce information that was crucial to his defense; (3) trial counsel failed to conduct meaningful investigation and discovery; and (4) trial counsel ineffectively cross-examined a key witness.

The Magistrate Judge ordered Pierce to amend his habeas petition because he concluded that Pierce had not exhausted his state remedies.  Pierce subsequently amended his petition and the Magistrate Judge caused the petition to be served upon the New Hampshire Attorney General.  The State moved to reconsider the

Magistrate Judge's decision and the Magistrate Judge subsequently recommended that Pierce's petition should be dismissed because Pierce failed to exhaust his state remedies with respect to the three claims that Pierce failed to include in his appellate brief. I accepted the Magistrate Judge's ultimate conclusion in a December 11, 1996 order.

Pierce now seeks a certificate of appealability[1] authorizing him to appeal my order dismissing his petition without prejudice. Assuming without deciding that an order dismissing a habeas

---

[1] A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the certificate must indicate which specific issue or issues satisfy the standard. 28 U.S.C.A. § 2253 (c)(2) and (c)(3) (West Supp. 1997). The certificate of appealability replaces the certificate of probable cause previously required under the Act. See Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 (1996). Courts thus far have disagreed about whether the standard for granting a certificate of appealability is different from the certificate of probable cause standard. Compare Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), and Reyes v. Keane, 90 F.3d 676, 680 (2d Cir. 1996) (no change from certificate of probable cause standard established in Barefoot v. Estelle, 463 U.S. 880, 893 (1983)), with Williams v. Calderon, 83 F.3d 281, 286 (9th Cir. 1996) ("The standard for obtaining a certificate of appealability under the Act is more demanding than the standard for obtaining a certificate of probable cause under the law as it existed prior to enactment of the Act."). I need not address this issue because I would decline to issue a certificate of appealability even if its issuance is determined using the certificate of probable cause standard.

corpus petition without prejudice for failure to exhaust is a
final appealable order and I that have the authority to issue a
certificate of appealability in the appropriate case,[2] I
nevertheless decline to issue the certificate because Pierce has
failed to make a substantial showing that my ruling dismissing
his petition without prejudice would impermissibly interfere with
his constitutional rights.

## DISCUSSION

A petitioner can satisfy the exhaustion requirement by
giving the highest state court a fair opportunity to address his
claim before seeking remedy in federal court.  Picard v. Connor,
404 U.S. 270, 276 (1971).  Pierce satisfied this requirement with
respect to his ineffective cross-examination claim because he
raised the issue in his appellate brief.  However, he did not
give the supreme court the opportunity to review his other claims
because, although he listed the claims in his notice of appeal,

---

[2] See Hunter v. United States, 101 F.3d 1565 (11th Cir.
1996)(en banc), petition for cert. filed, 65 U.S.L.W. 3648 (U.S.
Mar. 10, 1997) (No. 96-1443); United States v. Asrar, 108 F.3d
217, 218 (9th Cir. Mar. 3, 1997); Houchin v. Zavaras, 107 F.3d
1465, 1468 (10th Cir. 1997); Lyons v. Ohio Adult Parole Auth.,
105 F.3d 1063, 1066-73 (6th Cir. 1997), petition for cert. filed,
65 U.S.L.W. 3648 (U.S. Mar. 14, 1997) (No. 96-1461).

he did not include them in his appellate brief.  See Store v. Perin, 118 N.H. 109, 110 (1978) (issues raised only in a notice of appeal are waived).

A petitioner need not comply with the exhaustion requirement if it is obvious that he has procedurally defaulted on his state court claims.[3]  See Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.") (emphasis added). Relying on this exception, Pierce contends that he is entitled to prosecute his petition in federal court because he is procedurally barred from proceeding in state court with the three claims that he declined to brief.

I reject Pierce's procedural default argument because it is conceivable that if Pierce returns to state court, the New

---

[3]  The exhaustion requirement merely postpones potential federal relief.  Procedural default, on the other hand, normally precludes a federal court from addressing the merits of the claim.  However, a federal court can consider procedurally defaulted claims if the petitioner shows cause for the default and resulting prejudice.  See Hall v. DiPaolo, 986 F.2d 7, 10 (1st Cir. 1993); Coleman v. Thompson, 501 U.S. 722, 750 (1991) (procedural default excused by showing cause and prejudice or a fundamental miscarriage of justice that would result from the application of the state rule).  Pierce claims his procedural default was "caused by ineffective appellate counsel."

4

Hampshire Supreme Court would recognize an exception to the general rule that issues raised in a notice of appeal but not briefed are waived if appellate counsel is ineffective. Therefore, Pierce's unexhausted claims should be dismissed so that he can present the claims in state court. See Hull v. Freeman, 991 F.2d 86, 92 (3d Cir. 1993) ("[W]here a petitioner has raised a colorable claim for waiver of procedural default under state law, we should dismiss his habeas petition without prejudice so that he can assert this claim in state court.").

## CONCLUSION

Dismissal without prejudice for failure to exhaust does not foreclose either state or federal relief. Pierce may convince the New Hampshire Supreme Court to recognize an exception to its waiver rule. If not, Pierce can refile his petition in federal court and his claims can potentially be heard at that time. Therefore, Pierce cannot demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253 (c)(2) (West Supp. 1997). Accordingly, I decline to issue a certificate of appealability.

5

Pierce may wish to abandon his unexhausted claims so that I can rule immediately on his sole exhausted claim. However, he should note that he may lose future opportunities to raise his unexhausted claims if he chooses this route. See 28 U.S.C.A. 2244 (b)(1) (West Supp. 1997)("a claim presented in a second or successive habeas corpus application under Section 2254 that was presented in a prior application shall be dismissed"); see also McClesky v. Zant, 499 U.S. 467, 483-89 (1991) (discussing successive petitions). I will give Pierce until April 30, 1997 to inform the court whether he desires reinstatement of his exhausted claim. If Pierce does not make a timely election to abandon his unexhausted claims, I will dismiss his entire petition without prejudice.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

April 17 , 1997

cc:  Francis Pierce, Jr., pro se