Rockingham,
No. 5050.

CHARLES T. MCMAHON *v.* SALEM *& a.*

Argued June 6, 1962.

Decided June 29, 1962.

*John B. Ford* (by brief and orally), for the plaintiff.

*Louis F. Soule* (by brief and orally), for the defendants.

*Ernest R. D'Amours,* Director of Register of Charitable Trusts, furnished no brief.

DUNCAN, J.   This petition arises from action taken by the Salem town meeting in March 1961, consisting of adoption of the proposal contained in the following article of the town warrant:  "To see if the Town will vote to authorize the Town Manager appoint a Permanent Recreational Committee of five (5) members consisting of one member each from the Salem Planning Board and the Board of Selectmen and the remaining three members from the eligible

voters of Salem. This Committee would investigate and evaluate land areas within the town perimeters that may be acquired or donated for use as a recreational area specifically for Salem residents free from admission costs and to empower said committee to formulate a policy as regards the preservation of land acquired or granted."

The defendant town manager has since refused to appoint the committee. The defendants take the position that the vote was permissive rather than mandatory, and does not require that the town manager make the appointments.

With this position we are unable to agree. The primary purpose of the article, taken as a whole, was to establish a town committee, rather than merely to confer discretionary authority upon the town manager to appoint such a committee if he should deem it wise or expedient. It has long been recognized that town meetings do not consistently express their purposes with legal precision and nicety (see *Exeter* v. *Kenick,* 104 N. H. 168) and that votes adopted by such meetings will be liberally construed to give "a legal effect to language inartificially employed to express the corporate purpose." *New London* v. *Davis,* 73 N. H. 72, 77. See *Walsh* v. *Farrington,* 105 Vt. 269, 275.

We are of the opinion that this principle is controlling in this case, and that the action of the town requires appointment of the committee. Under this interpretation, the discretion of the town manager is limited to selection of committee members in accordance with the vote, and does not embrace the underlying question already decided by the town, as to whether or not any committee should be appointed. To adopt the contention of the defendants by holding that the latter issue was confided to the town manager's absolute discretion would attribute to the voters greater indecision than is commonly encountered at town meetings.

No statutory provision which has been called to our attention casts doubt upon the power of the town to establish the committee. Its duties as stated by the article are primarily to investigate and recommend. They will not impinge upon the administrative authority of the manager, who is charged with the "maintenance" of parks, commons and playgrounds (RSA 37:6 VII (h) ) "subject to . . . the by-laws of the town." RSA 37:6 VII. One member of the committee is to be chosen from the Salem planning board, which enjoys parallel but much more comprehensive powers which may be exercised concurrently with those of the committee. RSA 36:10.

The authority conferred upon the committee differs from that contemplated by the statutory provisions permitting the establishment of a "recreation commission" (RSA 31:47) to exercise the powers of the town to "equip . . . conduct . . . and operate" recreational activities. RSA 31:44.

The action of the town falls within the statutory powers conferred upon it. RSA 31:4 XV, XVII; RSA 31:19, 39, 44, RSA 41:2. It is construed to require establishment of the committee by appointment of its members as provided by the vote. *Moulton* v. *Beals,* 98 N. H. 461.

*Remanded.*

All concurred.