Rockingham,
No. 5485.

FREDERICK FERNALD & a.

v.

ALFRED BASSETT & a.

Argued May 4, 1966.
Decided June 30, 1966.

*Flynn, Powell & McGuirk* and *Raymond P. Blanchard* ( *Mr. Blanchard* orally ), for the plaintiffs.

*Perkins, Holland & Donovan* ( *Mr. Robert B. Donovan* orally ), for the defendants.

DUNCAN, J. The town of Nottingham, on March 8, 1960, adopted a comprehensive zoning ordinance dividing the town into districts designated: General Residence and Agricultural District; Lake Residence District; and Recreational Camp District. The board of selectmen is charged with enforcement of the ordinance, and brings this petition charging that the defendants have violated Article V, *s.* 2, of the ordinance by commencing construction of a marina without first obtaining a permit.

Article V is entitled Lake Residence District and the pertinent provision is as follows: " 2. No dance halls, or amusement centers, shall be permitted in this zone. Commercial uses limited to gas sales, boat liveries, and grocery facilities may be permitted in Lake Residence Districts provided the application and site meets the approval at a public hearing of the lake improvement association concerned, the Selectmen and the Board of Adjustment. "

It is not disputed that the " lake improvement association con-cerned " is the Pawtuckaway Lake Improvement Association, a voluntary corporation in which membership is open to interested persons. It is also undisputed that the defendants propose to use their property for " gas sales, boat liveries and grocery facilities " but have neither sought nor obtained approval of these uses as required by the ordinance.

The defendants contend that the section in question is an unlawful delegation of legislative authority, and therefore invalid. With this contention we agree.

Article V, *s.* 1 of the ordinance provides that the district in question " shall be mainly a district of single family dwellings for recreational and seasonal use. " By other sections, the article forbids trailer parks, restricts the use of advertising signs, and imposes " set back " and " lot area " requirements. It is plain that one purpose of the ordinance was to establish lake residence districts as primarily residential in character. *Dumais* v. *Somers-worth*, 101 N. H. 111, 113.

Section 2 of Article V, set forth above, prohibits dance halls and amusement centers, but evidences a purpose to permit limited

commercial use restricted to uses for "gas sales, boat liveries and grocery facilities," where "approved" by the several bodies specified by the section.

Since the ordinance contemplates that the uses in question "may" be made upon the conditions prescribed therein, and without regard to "unnecessary hardship," it is evident that the establishment of a "special exception" was intended (RSA 31:72 II), rather than a "variance" requiring a showing of "special conditions" resulting in "unnecessary hardship." RSA 31:72 III. *Stone* v. *Cray*, 89 N. H. 483; *Burr* v. *Keene*, 105 N. H. 228, 230. See Zoning in Connecticut, 29 Conn. B. J. 103, 120; Zoning Administration, 1963 Wash. U. L. Q. 60, 72.

So far as the ordinance purports to confer upon the lake improvement association and the selectmen the authority and duty to decide whether an exception shall be permitted, it constitutes an unauthorized delegation of authority. *Coolidge* v. *Planning Board of North Andover*, 337 Mass. 648; *Colabufalo* v. *Bd. of Appeal of Newton*, 336 Mass. 213. See *Ackley* v. *Nashua*, 102 N. H. 551; *Jaffrey* v. *Heffernan*, 104 N. H. 249, 252; Note, 44 Minn. L. Rev. 181, 183. The enabling act, under which the ordinance was adopted (RSA 31:60-89) provides for the appointment of a board of adjustment with power to "make special exceptions to the terms of the ordinance." RSA 31:66. Subsequent sections prescribe the powers and duties of such a board. No provision is made for the delegation of authority to private concerns such as the lake improvement association, or to the selectmen of the town, except as the latter may be charged with enforcement of the ordinance. RSA 31:88.

While the statute clearly authorizes the enactment of provisions permitting the board of adjustment to "hear and decide special" exceptions to the ordinance (RSA 31:72 II, *supra*), the delegation of this authority to the board by the Nottingham ordinance was defective, in that it failed to establish standards by which the board should be governed in determining whether such an exception should be made. "But the ordinance is to give the authority under 'regulations and restrictions.' This denotes that the ordinance may declare when exceptions may be permitted, and implies a denial of authority to the board to decide what conditions make an exception expedient . . . That besides those entitled to enact an ordinance the board of adjustment may also decide the conditions for granting an exception, is held not to be within the purview of the act." *Stone* v. *Cray*, 89 N. H. 483,

*supra*, 487. See accord *Bailey* v. *Zoning Board of City of War-wick*, 94 R. I. 168; *State* v. *Kressler*, 50 N. J. Super. 362; 2 Metzenbaum, Law of Zoning (2d *ed.*) 891; 1 Yokley, Zoning Law & Practice (3d *ed.*) s. 4-21.

The obvious purpose of section 2, Article V of the ordinance was to prohibit the uses which the defendants propose, in the absence of the specified approval. Although the provision for approval is held to be invalid, there is no reason to believe that the remaining restrictions of Article V would not have been enacted without the invalid provision, which appears to be separable. " The well recognized rule of statutory construction to be employed merely adopts the more probable intention of the legislature that the invalid part shall not produce entire invalidity if the valid part may be reasonably saved. " *Rosenblum* v. *Griffin*, 89 N. H. 314, 320. See also, *Woolf* v. *Fuller*, 87 N. H. 64, 69; *Opinion of the Justices*, 96 N. H. 517, 523. The result is that the commercial uses proposed by the defendants are prohibited by the ordinance.

The order in this court is

*Remanded.*

All concurred.