Rockingham,
No. 5732.

SHIRLEY GLIDDEN & a.

v.

NOTTINGHAM & a.

Argued May 7, 1968.
Decided July 17, 1968.

*Shaw & Eldredge* ( *Mr. Carleton Eldredge* orally ), for the plaintiffs.

*Perkins, Holland & Donovan* and *William H. Beckett* ( *Mr. Robert B. Donovan* orally ), for the defendants Bassetts.

*John P. Regan* for the defendant town filed no brief.

GRIFFITH, J. Appeal from the decision of the board of adjustment of the town of Nottingham granting a variance to Alfred W. and Phyllis E. Bassett allowing them to establish a commercial boat livery and gasoline and grocery retail business in an area classified as a " Lake Residence District " under the provisions of the town's zoning ordinance. Trial before a master ( *Leonard C. Hardwick* ) with a view resulted in a report recommending the dismissal of the appeal. The Trial Court, *Dunfey,* J., approved the master's report and reserved and transferred the plaintiffs' exceptions.

Cahill Realty, Inc. began in 1941 the sale of lots located on the eastern end of Pawtuckaway Lake in Nottingham. Some fifty shore lots had been sold at the time this case was brought

and plaintiffs are some of the owners of property thus acquired. In 1965 Cahill Realty, Inc. sold the property which is the subject of the present dispute to the defendants Alfred W. and Phyllis E. Bassett.

In 1960 the town of Nottingham adopted a zoning ordinance which classified the Cahill Realty, Inc. property, including that now owned by both the plaintiffs and defendants, as a "Lake Residence District." This district is described in the ordinance as "mainly a district of single family dwellings for recreational and seasonal use." The defendants at the time of purchase proposed to construct the facilities they have now obtained the variance for. The proposed use at that time was opposed by the selectmen for the town of Nottingham in a suit to enjoin the defendants on the grounds that the use was only permissible if the application and site met the approval at a public hearing of the lake improvement association concerned, the selectmen and the board of adjustment. This court in *Fernald* v. *Bassett,* 107 N. H. 282, held that the provision in the zoning ordinance providing for defendants' proposed use to be thus considered was invalid and therefore the commercial use proposed by defendants was prohibited by the ordinance.

Defendants then applied to the board of adjustment for a variance to permit the proposed grocery, gasoline station and boat livery which was granted. The master found that the plaintiffs failed to sustain their burden of proof that the decision of the board of adjustment was unreasonable or unlawful or that errors of law were committed in arriving at the decision.

The plaintiffs in their brief and argument urge the variance granted by the Nottingham board of adjustment was unlawful. The argument of the plaintiffs is based principally upon a claim that the variance granted constitutes "spot zoning" and is therefore invalid. This argument misconstrues "spot zoning" which is the improper creation by municipal ordinance of a small zone of inconsistent use within a larger zone. *Edgewood Civic Club* v. *Blaisdell,* 95 N. H. 244; *Bosse* v. *Portsmouth,* 107 N. H. 523; *Schadlick* v. *Concord,* 108 N. H. 319; Annot. 51 A.L.R. 2d 263. "Spot zoning" is always concerned with the validity of the zoning ordinance and not, as in this case, with whether or not action has been properly taken in accordance with the ordinance. The granting of a variance results in a nonconforming use rather than a new zone.

The decision of the board of adjustment is deemed on appeal

to be prima facie lawful and reasonable upon all questions of fact before the board and may not be upset on appeal except for errors of law unless the Court is persuaded by the balance of probabilities that the decision was unjust or unreasonable. RSA 31:78; *Gelinas* v. *Portsmouth,* 97 N. H. 248. Although the Court may receive additional evidence on the appeal the decision of the board of adjustment may not be overturned except for the foregoing reasons and there is no trial de novo. *Conery* v. *Nashua,* 103 N. H. 16; *H I K Corporation* v. *Manchester,* 103 N. H. 378; RSA 31:82.

The board of adjustment may grant a variance when " such variance from the terms of the ordinance . . . will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done. " RSA 31:72 III. The evidence presented at the hearing before the master together with the report of the board of adjustment support the master's findings and rulings that the board of adjustment variance was proper under the statute. *Levesque* v. *Hudson,* 106 N. H. 470. See *Sweeney* v. *Dover,* 108 N. H. 307.

*Exceptions overruled.*

All concurred.