Rockingham
No. 7071

MARIE HANSON & a.

v.

BERNARD MANNING & a.

June 30, 1975

*McLane, Graf, Greene & Brown* and *Arthur G. Greene ( Mr. Greene* orally) for the plaintiffs.

*Leo R. Lesieur,* by brief and orally, for defendant Manning.

GRIMES, J. The issue in this appeal from the granting of a variance by the Derry Zoning Board of Adjustment is whether the

evidence supports the decision of the board. We hold that it does not.

Defendant Manning owns about 130 acres of land in Derry lying on both sides of Walnut Hill Road, also called Damaron Road. It is a residential zone. The entire area is thinly settled, but some houses have been built on single lots in recent years along the roads in the general vicinity. On June 29, 1972, defendant was granted permission by the board of adjustment to establish a recreation and camping area on his land, subject to certain conditions. It appeared by the form used by the board, that it granted both a variance and an exception. After rehearing was denied, Marie Hanson, an abutter, and the Citizen Action Committee Inc., appealed to the superior court. A Master ( *Robert W. Pillsbury,* Esq.) found conditions did not support the granting of an exception but upheld the board's action on a variance. A decree in accordance with the report was entered and plaintiffs' exceptions were transferred by *Mullavey,* J.

No question is raised in this court regarding the rulings on the exception. On the variance question, plaintiffs argue that the master failed to consider hardship as an independent element, that there was no evidence upon which such a finding of hardship could be based, and that the granting of the variance adversely affects other property and therefore violates the spirit of the ordinance.

The scope of review in zoning cases is limited. All findings of the board are deemed prima facie lawful and reasonable and they shall not be set aside except for errors of law unless the court is persuaded by a balance of probabilities that the order is unjust or unreasonable. RSA 31:78; *Glidden v. Nottingham,* 109 N.H. 134, 244 A.2d 430 (1968). Although plaintiffs bear a heavy burden, we find it has been met.

The land in question is located at the edge of the town of Derry, abutting the Chester town line. The road running through it is either an extension of Walnut Hill Road or of Damaron Road. These two roads meet near the edge of defendants' property. The status of the road beyond this intersection is not clear. In any event, it appears not to have been maintained by the town for some years. One of the conditions of the variance is that the applicant upgrade this road which leads to the campground at no cost to the town. Plans call for the campsite to be located on about twenty-four acres adjacent to the Chester town line, east of the Damaron extension. The rest of the 100-plus acres would be used for recreation.

Although there was evidence that parts of the land would be unsuitable for building purposes because of shallow soil with respect

to ledge, the same witnesses testified that by selecting sites the land could be developed for residential purposes. There is no evidence that there is anything about the defendants' land to distinguish it from other land in the same area with respect to its suitability for the use for which it is zoned. Although RSA 31:72 authorizes the granting of a variance when literal enforcement of the ordinance will result in "unnecessary hardship" it does so only when that hardship is "owing to special conditions." Absent "special conditions" which distinguish the property from other property in the area, no variance may be granted even though there is hardship. *Sweeney v. Dover,* 108 N.H. 307, 310, 234 A.2d 521, 523 (1967); *Mills v. Manchester,* 109 N.H. 293, 295, 249 A.2d 679, 681 (1969); *Simoneau v. Nashua,* 112 N.H. 18, 20, 287 A.2d 620, 621-22 (1972). The variance therefore cannot be upheld.

*Exceptions sustained.*

DUNCAN J., did not sit; the others concurred.