Rockingham
Nos. 7458 & 7608

### KENNETH BUXTON & a.

v.

### TOWN OF EXETER & a.

January 31, 1977

*Shute, Engel & Frasier,* of Exeter, and *Robert L. Steuk* (*Mr. Steuk* orally) for the plaintiffs.

*Kearns & Colliander* of Exeter (*Mr. Peter F. Kearns* orally) for the defendant Town of Exeter.

*Griffin, Harrington, Brigham & Ritzo,* of Portsmouth (*Mr. Lindsey R. Brigham* orally) for intervenors Davis and Peck.

*Devine, Millimet, Stahl & Branch,* of Manchester, and *Robert A. Backus* (*Mr. Backus* orally) for intervenor Joseph W. Snow and by brief for Save the Oaklands Association, amicus curiae.

GRIMES, J. This action arises out of an appeal from the Board of Adjustment of the town of Exeter and involves the question whether the trial court erred in adopting as its decree stipulations entered into by counsel for the town of Exeter, counsel for plaintiffs, and counsel for intervenors Davis and Peck. All questions of law were reserved and transferred by *Cann,* J.

Plaintiffs sought a special exception and variance from the Board of Adjustment of the town of Exeter pursuant to RSA 31:72 for the operation of a gravel quarry in an area of Exeter known as the Oaklands. The board of adjustment unanimously denied plaintiffs' request because of insufficient evidence that plaintiffs would be in compliance with § 6.60(b)–(e) of the Exeter zoning ordinance which involve landscaping, screening, provision of off-street parking and the like. Plaintiffs' subsequent request for rehearing was also denied unanimously for lack of substantial new evidence unavailable at the original hearing. Plaintiffs appealed the denial of the special exception and variance to Rockingham County Superior Court pursuant to RSA 31:77. A hearing was begun before a Master (*Leonard C. Hardwick,* Esq.) but was adjourned on the second day so that the attorneys and parties present could enter into stipulations that were intended to resolve the case. Stipulations were in fact drawn up that day and signed by counsel for the town of Exeter, with the approval of the selectmen of Exeter, counsel for plaintiffs, and counsel for intervenors Davis and Peck. The stipulation purported to grant the special exception to plaintiffs. The court thereafter adopted the stipulation as its decree but made no findings or rulings.

Subsequently intervenors Davis and Peck who are joined by the town of Exeter in this appeal filed a bill of exceptions which was disallowed and a motion to vacate and set aside the decree, which was denied. As grounds for the bill of exceptions and motion to vacate, defendant intervenors alleged the legislature did not intend for town counsel to substitute its judgment for that of the board of adjustment and that the superior court could make no de-

cree until it had first made the rulings of law or findings of fact required by RSA 31:78.

■■ The town attorney with the approval of the Board of Selectmen of Exeter approved the stipulation entered into; however, the board of adjustment and not the selectmen has the power to grant special exceptions. RSA 31:72 (II); *Fernald v. Bassett,* 107 N.H. 282, 220 A.2d 739 (1966). "'It is a long established principle under our law that towns are but subdivisions of the State and have only the powers the State grants to them.' . . . It follows that towns have such powers as are expressly granted to them by the legislature and such as are necessarily implied or incidental thereto." *Piper v. Meredith,* 110 N.H. 291, 295, 266 A.2d 103, 106 (1970).

■ Plaintiffs have cited us no authority empowering the selectmen to approve a special exception. The zoning ordinance for Exeter vests this power in the board of adjustment through § 6.60 as required by RSA 31:66. This court in *Fernald v. Bassett,* 107 N.H. 282, 220 A.2d 739 (1966), held defective, as an improper delegation of authority, part of a zoning statute which required approval of the selectmen in addition to that of the board of adjustment. The court there stated that "[t]he enabling act . . . (RSA 31:60–89) provides for the appointment of a board of adjustment with power to 'make special exceptions . . .' RSA 31:66. Subsequent sections prescribe the powers and duties of such a board. No provision is made for the delegation of authority . . . to the selectmen of the town, except as [they] may be charged with enforcement of the ordinance. RSA 31:88." *Id.* at 284, 220 A.2d at 741–42. The selectmen may not do indirectly that which they cannot do directly. *See Cloutier v. Epping Water & Sewer Comm'n,* 116 N.H. 276, 360 A.2d 892 (1976). We therefore hold that the selectmen did not have the authority to enter into a stipulation granting a special exception, and the stipulation is therefore without effect.

Because of the result reached it is unnecessary for us to decide whether the stipulation was invalid as against Joseph W. Snow, another intervenor, because he did not sign it.

*Remanded.*

DOUGLAS, J., did not sit; the others concurred.