Rockingham
No. 7800

TOWN OF DERRY

v.

EDWIN C. SIMONSEN

December 16, 1977

*Tefft & Thayer Professional Association,* of Manchester (*Mr. Stanton E. Tefft* orally), for the defendant.

*Soule, Leslie & Bronstein,* of Salem (*Mr. Gerald M. Zelin* orally), for the plaintiff.

FLYNN, J. (By assignment under RSA 490:3). In this equity suit, the town of Derry seeks to have the defendant, Edwin C. Simonsen, enjoined from operating a commercial campground and recreation area in a district which is zoned under the town's ordinance for residential use. The defendant, in his cross-petition, requested the superior court to grant him a variance, or, in the alternative, order the zoning board of adjustment to grant his request for a hearing. The Trial Court (*Bois,* J.) granted the plaintiff's petition for an injunction, denied the cross-petition, and reserved and transferred the defendant's exceptions. We hold that the court's granting of the plaintiff's petition and denial of the cross-petition was proper.

This case is a sequel to *Hanson v. Manning,* 115 N.H. 367, 341 A. 2d 764 (1975), wherein this court held that the variance granted to the defendant, Bernard Manning, could not be upheld. For a proper perspective, some of the facts in the *Manning* case bear mentioning.

Bernard Manning owned a tract of land, consisting of about 130 acres, located in a thinly settled area on both sides of Walnut Hill Road, in Derry, abutting the town line of Chester. By a deed dated May 1, 1972, and recorded on November 14, 1972, Manning conveyed this land to the defendant Simonsen. This land was in a "general residence zone" and limited by the zoning ordinance then in effect to "residential type construction and uses." Simonsen in-

tended to use the property for commercial camping and recreational purposes.

On May 16, 1972, Manning filed an application with the zoning board of adjustment seeking a variance and/or a special exception to operate a commercial camping and recreational facility on the premises. The board granted both a variance and a special exception on June 29, 1972. Marie Hanson, an abutter, and the Citizens Action Committee, Inc., appealed this decision on August 24, 1972, to the superior court. On April 4, 1974, the superior court found that conditions did not support the granting of an exception but upheld the action of the board in granting a variance.

Hanson and the Citizens Action Committee then appealed the allowance of the variance to this court. Neither Manning nor the town of Derry appealed the superior court's denial of a special exception. On June 10, 1975, this court reversed the superior court and held that the variance was not authorized. *Hanson v. Manning,* 115 N.H. 367, 341 A.2d 764 (1975). This ruling left Manning and Simonsen with neither a variance nor a special exception.

On March 5, 1974, before the superior court rendered a decision in *Hanson v. Manning,* the town of Derry rescinded its 1970 zoning ordinance and simultaneously readopted the 1970 ordinance so as to remove any question that the town had a validly adopted zoning ordinance. Under this readopted ordinance, the Simonsen tract remained in a general residence zone limited to "residential type construction and uses."

When a variance was granted in 1972 by the board of adjustment to establish a recreation and camping area on this tract, subject to certain conditions, the defendant set out to establish a number of camping sites. The record does not reveal the date when the defendant commenced using the premises for commercial camping purposes. The plaintiff in its brief, however, stipulates that the defendant Simonsen began using the premises for these purposes before the 1974 ordinance was adopted, with the scope and intensity of the use increasing after March 5, 1974.

On September 3, 1975, the Board of Selectmen of Derry wrote to the defendant ordering him to cease operating this campground no later than September 26, 1975, and advising him that any operation of the campground after that date would be deemed a violation of the town's zoning ordinance. On September 24, 1975, counsel for the defendant wrote to the board of adjustment appealing the selectmen's order and challenging the enforceability of the 1974

ordinance. No request for a variance or special exception was contained in the letter. The board of adjustment refused to hear the defendant's appeal.

On December 24, 1975, the board of selectmen sought an injunction in the superior court requesting that the defendant be ordered to cease the operation of the recreational and camping area on the ground that such use violated the 1974 zoning ordinance and the order of this court in *Hanson v. Manning*. The court enjoined the defendant Simonsen from operating a recreational and camping area and denied the defendant's cross-petition.

The defendant appeals from this order contending that: (1) the zoning board of adjustment should have been ordered by the superior court to give him a hearing as to whether he came within the nonconforming use exemption of the 1974 Derry zoning ordinance; and (2) he is exempt from the residential zoning requirements of the 1974 ordinance as a prior nonconforming use. The defendant also urges us to reexamine *Hudson v. Paradise*, 101 N.H. 389, 143 A.2d 421, (1958), and declare the 1974 ordinance invalid as being a "waste-basket" process of zoning and thus inconsistent with RSA 31:62.

As to the defendant's position that he was entitled to a hearing before the zoning board of adjustment, it is plain that the zoning board had no jurisdiction to review an order of the board of selectmen. The jurisdiction of the board of adjustment under RSA 31:66-77 relates to the granting of special exceptions and variances and not to the consideration of orders by the selectmen. *Cf. Buxton v. Exeter*, 117 N.H. 27, 369 A.2d 188 (1977).

In his letter of September 24, 1975, to the zoning board, the defendant applied for neither a special exception nor a variance, but rather requested a hearing to appeal the board of selectmen's order of September 3, 1975. Any attack upon an order of the selectmen regarding the enforcement of a zoning ordinance should be in the Superior Court. The trial court properly upheld the zoning board's action in refusing to hear the defendant's appeal.

The defendant's main argument is that he is exempt from the residential restrictions of the 1974 ordinance because, with the rescinding of the 1970 ordinance, he acquired a nonconforming use which was protected by section 8 of the 1974 ordinance which stated that "[n]othing in this ordinance shall be construed to prevent the continuance of any existing use of land or building . . . ."

In essence, the defendant's position is that, between the rescission of the 1970 ordinance on March 5, 1974, and its simultaneous re-adoption on the same date, a hiatus existed when no zoning ordinance was in effect in Derry. There being no zoning ordinance, the defendant's former illegal use, so it is urged, became legal. With the readopted ordinance containing a provision protecting all existing uses, the defendant sees himself in the snug harbor of a protected nonconforming use. The plaintiff counters that the defendant's suggestion that rescission of the prior ordinance on March 5, 1974, automatically legalized all existing uses is without foundation. The town, according to the plaintiff, intended to replace the former ordinance with a new ordinance, and nobody ever contemplated by the term "rescission" that the pre-1974 ordinance should be treated as though it had never existed.

The plaintiff's position is well taken. It can be found on the record that there was no intent to rescind the 1970 ordinance but rather an intent to readopt the identical ordinance so as to eliminate any question as to the legality of its initial adoption in 1970. The record is replete with evidence that the intent of the town officials was to give the voters an opportunity to readopt the 1970 zoning ordinance so that there would be no question that Derry had a properly adopted zoning ordinance.

At a selectmen's meeting on December 26, 1973, it was voted, as advised by town counsel, that "the Selectmen recommend to the Planning Board a proposal to amend the Zoning Ordinance to re-adopt the Ordinance as it reads." The coverage by the Derry News on January 3, 1974, of that selectmen's meeting reported that the Derry selectmen had unanimously recommended to the planning board that the town readopt the entire zoning ordinance in order to eliminate any legal question regarding the validity of the ordinance. Article 4 of the town warrant, dated February 15, 1974, read: "To see if the Town will vote to rescind the present Derry Zoning Ordinance and adopt in place thereof the following zoning ordinance: . . . ." The ordinance, as presented in the warrant, was identical to the 1970 ordinance. The actual question presented to the voters, on March 5, 1974, on the ballot questions read as follows:

> *Article 4.* Are you in favor of the adoption of Amendment No. 1 as proposed by the Selectmen for the town zoning ordinance as follows? (The Planning Board approves adoption of this amendment) (Amendment No. 1, makes no changes in the present zoning ordinance. The

intent is to re-adopt the existing ordinance in a proper form and manner, although it is not conceded that the existing ordinance was improperly adopted.)

It is to be noted that the word "rescind" appears nowhere in article 4 of the ballot questions. The entire record leading to the ballot question presented to the voters must be considered in ascertaining the intent of the voters. *Sullivan v. Flynn,* 116 N.H. 547, 549, 365 A.2d 1052, 1054 (1976). From the first vote of the selectmen, the record demonstrates that the thrust of article 4 was one of readoption and not rescission. The actual wording on the ballot question presented to the voters, from any reasonable viewpoint, leads to the conclusion that a "yes" vote was a vote merely to readopt the existing ordinance in a proper form and manner. It would be a non sequitur to conclude that the voters intended to rescind the 1970 zoning ordinance so as to legalize all existing uses and then to lock in the validity of those uses by providing in the readopted ordinance that it did not prevent the continuance of any existing use. Such an interpretation could create a flood of nonconforming uses in Derry and make a shambles of its zoning ordinance.

The defendant primarily builds his case around a one sentence dictum in *Arsenault v. Keene,* 104 N.H. 356, 187 A.2d 60 (1962). In *Arsenault,* the plaintiffs, who had purchased their property in 1949, converted a two apartment residence into four apartments in violation of the then existing city of Keene zoning ordinance. At the time the plaintiffs purchased their property, the 1948 zoning ordinance was in effect. Section 8 of that ordinance provided that "[t]his ordinance shall not apply to buildings or structures existing at the time this amended ordinance takes effect, nor to the use existing at such time in any building or structure . . . ." The 1955 amendment to the zoning ordinance contained the same language. Section 8 of the 1957 amendment provided that "[t]his ordinance shall not apply to buildings or structures existing May 1955, nor to the use existing at such time in any building, or structure . . . ." The plaintiffs there contended that the zoning amendments of 1955 and 1957 automatically legalized their previous violations of the ordinance by creating a nonconforming use. According to the plaintiffs therein, it was the intent of the city of Keene, each time it amended and reenacted its zoning ordinance, to forgive all past violations so that everyone would start with a clean slate when a new zoning ordinance was enacted. The court held that the plaintiffs were in violation of the zoning ordinance.

This court said, at page 358, that "[i]f section 8 of the Keene zoning ordinance was the only one pertinent to this case, the plaintiffs' contention would have force." However, section 23 of both the 1955 and 1957 amendments to the zoning ordinance provided that the "enactment of any change in the zoning ordinance shall in no way be construed as legalizing any violation of said zoning ordinance." The court concluded that "section 23 of the ordinance modifies the provisions of section 8 and was not intended each time the zoning ordinance was amended to legalize any existing violations that previously occurred."

The defendant points out that there was no provision in the 1970 and 1974 Derry ordinances which was equivalent to section 23 of the Keene ordinance. The defendant seizes upon the court's statement in *Arsenault* that, if section 8 were the only one pertinent, the "plaintiffs' contention would have force" to support his position that his violation was legalized and that he thus is entitled to a nonconforming use. *Arsenault* does not discuss the background of the amendments to the Keene zoning ordinances. However, there is before this court the record of the adoption of the 1974 Derry zoning ordinance. As stated previously, there was no intent to legalize all existing violations of the zoning ordinance, but merely an intent to readopt the existing 1970 ordinance so as to ensure that the town had a properly adopted zoning ordinance.

A reading of *Arsenault* as a whole leaves no doubt that, supported by extensive authorities, it stands for the following propositions: (1) a nonconforming use is only a use which legally exists at the date of adoption of the zoning ordinance; (2) a use in violation of a zoning ordinance, which is repealed by another ordinance containing a provision protecting uses in effect at the time that it was enacted, is not entitled to the legal status of a nonconforming use under the new ordinance; (3) the extension and enlargement of nonconforming uses are carefully limited under the general policy of zoning ordinances; and (4) as set forth in the concluding language of *Arsenault*, "[p]rovisions which except existing uses are intended to favor uses which were both existing and lawful, not to aid users who have succeeded in evading previous restrictions." The defendant's plucking of a one sentence dictum from *Arsenault* misconstrues the clear import of that decision; the trial court's ruling will thus be sustained.

The defendant characterizes the 1974 Derry zoning ordinance as "wastebasket" zoning and asks us to rule that the ordinance is

illegal. The subject of "wastebasket zoning" was considered in *Hudson v. Paradise,* 101 N.H. 389, 143 A.2d 421 (1958), and in that case the Hudson zoning ordinance was held valid. We are not inclined to reexamine *Hudson v. Paradise supra,* but even if we were so disposed, the record in this case would not support such a reexamination.

In the defendant's cross-petition, he requested the superior court to grant him a variance. Under the statutory scheme for zoning, an application for a variance must be first directed to the zoning board of adjustment. The superior court has only jurisdiction to hear appeals from decisions of the zoning board of adjustment. RSA 31:77; *see Buxton v. Exeter supra.*

Though the defendant raised other issues below in his cross-petition, he has neither briefed nor argued them, and they are therefore treated as waived. *Concord v. Peerless Ins. Co.,* 110 N.H. 497, 498, 272 A.2d 588, 589 (1970).

*Exceptions overruled.*

BOIS, J., did not sit; CANN, J., sat by special assignment pursuant to RSA 490:3; the others concurred.