JOHN CESERE & a.

v.

TOWN OF WINDHAM

June 12, 1981

*Sumner F. Kalman,* of Plaistow, by brief and orally, for the plaintiffs.

*Romprey, Beaumont & Mason P.A.,* of Salem (*Urville J. Beaumont* on the brief), by brief for the defendant.

*Sanders & McDermott P.A.,* of Hampton (*Wilfred L. Sanders, Jr.,* and *Ann C. Thompson* on the brief and *J. Joseph McKittrick* orally), for the intervenor, Equity Property Associates II.

PER CURIAM. The question we decide in this appeal is whether an amendment to the Town of Windham's zoning ordinance, which was adopted several months after intervenor Equity Property Associates II had begun negotiating with the Windham Planning Board regarding site approval for a condominium project that is prohibited by the amended ordinance, bars the planning board from granting site development approval for the project. We hold that it does.

The intervenor in September 1979 first sought site development approval for a clustered condominium project in Windham to be known as Fox Hill. After several meetings, a final site plan was submitted in November 1979. In January 1980, details of the fifty-unit project were presented at a public meeting, which the plaintiffs, who are abutters to the proposed project, attended. Other public meetings were held on February 13, 1980, and on February 17, 1980. On March 17, 1980, a new site plan was submitted reducing the number of buildings from eighteen to ten but still showing a total of fifty units. The planning board approved the plan in April 1980.

Meanwhile, on March 11, 1980, the town had added a new paragraph 9 to its zoning ordinance requiring a minimum of 43,560 square feet for each dwelling unit plus 3,000 additional square feet for each bedroom in excess of two in the structure if the soil at the building site is classified as posing only slight problems for on-site waste disposal systems. The ordinance, as amended, requires increasingly larger lots as the soil problems on the site increase.

The intervenor proposes to construct its condominium project on a 19.4-acre tract. It is clear that the soil at the site does present at least some problems regarding waste disposal. Thus, even if it were all classified in the "slight problem" category, intervenor still could not build fifty units as planned if the new paragraph 9 is applicable to the project.

The plaintiffs appealed the decision of the board to the superior court, arguing that the board had erred in approving a site plan that was in violation of the town's zoning ordinance. After a hearing, *Mullavey*, J., upheld the board, and the plaintiffs appealed to this court.

A town planning board may not approve a site plan which violates the express provisions of the town's zoning ordinance. *See Patenaude v. Town of Meredith*, 118 N.H. 616, 621, 392 A.2d 582, 585 (1978). Although the intervenor's application for site approval was under consideration long before the ordinance was amended, final approval did not come until afterward. The amended ordinance will govern unless, prior to the amendment, the intervenor had acquired a vested right to complete the project. *Navin v. Exeter*, 115 N.H. 248, 251, 339 A.2d 12, 14 (1975); *see Piper v. Meredith*, 110 N.H. 291, 299, 266 A.2d 103, 109 (1970).

Although there has been some modification of the law regarding vested rights since *Piper v. Meredith, see Henry and Murphy, Inc. v. Town of Allenstown*, 120 N.H. 910, 424 A.2d 1132 (1980), some expenditures which are directly related to the actual construction costs of the project are still required in order for vested rights to accrue. *Town of Freedom v. Gillespie*, 120 N.H. 576, 580, 419 A.2d 1090, 1092–93 (1980). Because no such expenditures have been made in this case, no vested rights have been acquired. The provisions of paragraph 9 are binding on both the planning board and the intervenor and clearly prohibit the construction of a fifty-unit condominium project. The planning board has no power or authority to grant an exception to or a variance from the terms of the ordinance. *See Buxton v. Town of Exeter*, 117 N.H. 27, 29, 369 A.2d 188, 189 (1977).

*Reversed.*