Rockingham
No. 81-147

J.E.D. ASSOCIATES, INC.

v.

TOWN OF DANVILLE & a.

March 10, 1982

*Decker, Fitzgerald & Sessler P.A.*, of Laconia (*David R. Decker* on the brief and orally), for the plaintiff.

*Peter J. Loughlin* and *Lindsey R. Brigham*, of Portsmouth (*Mr. Loughlin* on the brief, and *Mr. Loughlin* and *Mr. Brigham* orally), for the defendants.

*I. Michael Winograd*, of Concord, for intervenors Richard Kosak & a., filed no brief.

DOUGLAS, J. This case raises the question of the degree to which a settlement agreement entered into by town counsel may bind the town. In 1978, J.E.D. Associates, Inc. (J.E.D.) bought 122 acres of land in Danville, New Hampshire, planning to subdivide the land and sell lots as they were developed. A restrictive so-called "slow-growth" ordinance was passed at the 1979 Danville town meeting. The ordinance permitted issuance of only sixteen building permits per year. They were to be distributed by lottery, and no person could receive more than two permits. The ordinance frustrated J.E.D.'s plans, and J.E.D. challenged the validity of the ordinance in superior court.

After a day of hearing, the Superior Court (*Bean*, J.) strongly encouraged settlement. The next day, November 26, 1980, the plaintiff's attorney, the three Danville selectmen, and Danville town counsel spent a full day negotiating. Counsel for both parties signed a three-page "Proposed Decree." Paragraph 8(a) provided that, if the superior court found the slow-growth ordinance invalid, J.E.D. would be allowed to begin a five-year, phased development of 160 modular home units on its 122-acre tract. The decree required J.E.D. to comply with section VI of the town's subdivision regulations as well as the building code, and to obtain approval from the New Hampshire Water Supply and Pollution Control Commission. The decree further provided that, if any "more re-

strictive" land-use regulations or ordinances were enacted during the ensuing five years, they would not apply to J.E.D.

On February 13, 1981, the superior court ruled that the Danville slow-growth ordinance had expired under RSA 31:62-b III. The parties were ordered to "comply with the decree on those terms favorable to the plaintiff." The town then filed a motion for clarification of the order because parts of the decree allegedly represented agreements beyond town counsel's authority. After the court denied the motion, the town appealed to this court. We affirm.

The town asserts on appeal that it is not bound by the terms of the November 26, 1980, agreement because town counsel exceeded his authority and the terms vary from the town's regulatory strictures. A similar argument was successful in *Buxton v. Town of Exeter*, 117 N.H. 27, 369 A.2d 188 (1977). In *Buxton*, town counsel, with the approval of the board of selectmen, entered into a stipulation granting plaintiffs a special exception to operate a gravel quarry. *Id.* at 28, 369 A.2d at 188–89. This court found no statutory authority empowering selectmen, rather than the board of adjustment, to approve a special exception. As a result, the stipulation was held to be without effect. *Id.* at 29, 369 A.2d at 189.

■ Subdivision regulations are within the exclusive jurisdiction of the Danville Planning Board. Unlike *Buxton*, however, where town counsel acted without the zoning board's authorization, town counsel in this case was representing the planning board.

■ The planning board and board of selectmen were sued, along with the town, and town counsel filed a general appearance. Thus, he signed the "Proposed Decree" on behalf of all the defendants, including the planning board. Accordingly, the parties' "Proposed Decree" was approved by the proper governmental unit.

■ In other contexts, we have reminded the bar that the "authority of attorneys to make [settlement] agreements is, in practice, never questioned. It is essential to the orderly and convenient dispatch of business, and necessary for the protection of the rights of the parties." *Manchester Housing Auth. v. Zyla*, 118 N.H. 268, 269, 385 A.2d 225, 226–27 (1978) (quoting *Beliveau v. Amoskeag Co.*, 68 N.H. 225, 226, 40 A. 734, 734 (1894)). Action taken by an attorney to settle civil litigation within the scope of his authority is binding on his client. *Manchester Housing Auth. v. Zyla*, 118 N.H. at 269, 385 A.2d at 226. We find no evidence that the town's original counsel of record acted outside the scope of his authority by working with the selectmen in negotiating the settlement.

Absent manifest hardship to a town, a good-faith settlement by town counsel in a zoning or subdivision case will estop the town from later attempting to abrogate its terms.

*Affirmed.*

All concurred.