Carroll
No. 87-287

### RICHARD E. STORMS AND MADELYN STORMS

### v.

### TOWN OF EATON AND THE EATON ZONING BOARD OF ADJUSTMENT

October 31, 1988

*Shea, Mertens, Sager & Sager*, of Wolfeboro (*Richard D. Sager* on the brief and orally), for the plaintiffs.

*Shaines & McEachern P.A.*, of Portsmouth (*John H. McEachern* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

SOUTER, J.   The defendant town appeals from an order of the Superior Court (*Manias*, J.) enjoining it from seeking removal of a so-called snow deflector "as it currently exists" on the plaintiffs' land. We reverse.

In 1984 the plaintiffs sought a permit from the town selectmen to build a snow deflector, a roofed structure to be located in front of their garage where quantities of snow accumulated. In their petition they agreed to abide by the town zoning ordinance, and the permit was granted. When the selectmen saw the substantially completed structure, however, they concluded that the snow deflector was actually a building within the meaning of the town zoning ordinance and therefore subject to the ordinance's set-back requirement, to which it did not conform. The selectmen revoked the permit and advised the plaintiffs to apply to the zoning board of adjustment (ZBA) for a variance to legalize the structure's location. The plaintiffs made application, and when the variance was denied they appealed to the superior court under RSA 677:4.

The court first ruled that the ZBA lacked jurisdiction over the matter, citing *Town of Derry v. Simonsen*, 117 N.H. 1010, 380 A.2d 1101 (1977). It then treated the petition as an appeal under RSA 677:4 from the selectmen's order revoking the permit, ruled the set-back requirement inapplicable to the structure, and enjoined the town from seeking its removal. The rulings were mistaken.

*Town of Derry v. Simonsen supra* is not in point. There the defendant claimed to be entitled to appeal to the board of adjustment from a cease-and-desist order issued by the selectmen. This court held that the board had no such appellate jurisdiction, its authority being limited to considering requests for variances and exceptions. *Id.* at 1013, 380 A.2d at 1103. Here, the plaintiffs did not purport to appeal the selectmen's revocation, but sought a variance. *Simonsen* is no authority to question the ZBA's jurisdiction to grant or deny the request.

■ The superior court, however, had no jurisdiction under RSA 677:4 to review the selectmen's revocation. The, statute confers jurisdiction on the court to entertain appeals from "the zoning board of adjustment or . . . the local legislative body. . . ." The latter body is the town meeting, not the selectmen. RSA 672:8, V. Since the court erroneously purported to exercise the statutory jurisdiction to·review the selectmen's decision rather than the action of the ZBA, the court's order must be vacated and the matter remanded for consideration as an appeal from the ZBA's denial of a variance application, subject to the statutory limits of review.

It is doubtful that on remand there will be a need to decide whether the set-back requirement applied to the plaintiffs' structure, since their application for variance assumes the requirement's applicability. But out of caution we will add that we believe the superior court erroneously concluded the ordinance had no application.

Article IV, section C of the zoning ordinance applies the set-back requirement to each "dwelling or other building unit." Article XII defines "building" as "[a]ny structure having a roof and intended for the shelter, housing or enclosure of persons, animals or chattel." The town argued that the snow deflector was a roofed structure suitable for sheltering a chattel such as a motor vehicle, and was therefore a building subject to the set-back requirement. The trial judge rejected the argument on the ground that "intended" referred to a property owner's subjective intent in building the structure. The trial court found the plaintiffs' intent to be the deflection of snow, not the sheltering of a motor vehicle.

■ The conclusion that a property owner's subjective intent controls the scope of the provision in question would, however, be difficult to justify. Doubt about the meaning of an ordinance is determined in accordance with the intent of the municipal body that enacted it, *Saidla v. Stratham Planning Board*, 123 N.H. 714, 717, 465 A.2d 502, 504 (1983), and any ambiguity is to be resolved

by reference to the apparent object of the provision, *Hackett v. Gale*, 104 N.H. 90, 92, 179 A.2d 451, 453 (1962). The apparent purposes of a set-back standard include the satisfaction of those health and safety concerns underlying open space and density regulations, *see* 1 R. ANDERSON, AMERICAN LAW OF ZONING § 7.19, at 726 (3d ed. 1986), and the improvement of roadside appearances, *id.*, an object within the police power. *See Deering v. Tibbetts*, 105 N.H. 481, 484, 202 A.2d 232, 234 (1962). These objectives would be thwarted if the identification of a building subject to the requirement were dependent on its builder's subjective intent. We therefore infer that the voters of Eaton probably meant to identify a "building" by reference to the intended use that would be reasonably apparent from examining a structure's functional capacity. If, therefore, the town is correct in claiming that the snow deflector can reasonably be used as a motor vehicle shelter, the structure is a "building" subject to the requirements of Article IV, section C.

*Reversed and remanded.*

All concurred.