Strafford
No. 87-401

KENNETH E. MORIN

v.

CITY OF SOMERSWORTH

AND

SOMERSWORTH PLANNING BOARD

December 12, 1988

*Ouellette, Hallisey, Dibble and Tanguay P.A.*, of Dover (*William L. Tanguay* on the brief), by brief for the plaintiff.

*Shaheen, Cappiello, Stein & Gordon P.A.*, of Dover (*Dorothy M. Bickford* on the brief), by brief for the defendants.

BATCHELDER, J. The defendants, the City of Somersworth and the Somersworth Planning Board, have appealed an order of the Superior Court (*Nadeau*, J.), which approved the report of a Master (*Charles T. Gallagher*, Esq.) ruling that the planning board had committed an error of law when it denied approval of the plaintiff's site plan application. Because we find that the planning board committed no error, we reverse.

The facts in this case are not in dispute. The plaintiff, Kenneth Morin, owns a parcel of land that has 105.07 feet of frontage on Stackpole Road in Somersworth. Morin proposed to build thirty-six apartment units on the site and submitted an initial site plan application to the planning board for review. This application was rejected because the proposed development lacked the 200 feet of frontage along a public right-of-way required by the Somersworth Zoning Ordinance, § 19.3C, 4(b). Subsequently, Morin's engineer, after working with the City's director of planning, submitted a second application. This second application included a proposed road called Sweet Meadow Circle which, if accepted by the City, would have provided sufficient road frontage to satisfy the City's zoning requirements. At the time of his proposals, Morin had not petitioned the City to lay out his new road. After a public hearing on April 16, 1986, the board denied Morin's application because the proposed road had not been accepted by the City, and therefore the plaintiff's proposal lacked the requisite road frontage.

Morin appealed the board's decision to the superior court pursuant to RSA 677:15. After an evidentiary hearing, the master recommended, and the court ordered, that the appeal be dismissed for the same reasons that the planning board had denied the plaintiff's site plan application.

Morin then moved to set aside the verdict or for a new trial. Upon reconsideration, the master reversed his initial decision and recommended remanding the case to the planning board. The master found that the board was "empowered to give conditional approval to the plaintiff's site plan by requiring the posting of a bond for the completion of" Sweet Meadow Circle. The master based his decision on § 22A.10 of the site plan regulations, which allows the planning board to require a bond to ensure proper construction of specified improvements to property. The superior court approved the master's recommendation to reverse the planning board's denial and to remand the application for further consideration in light of the master's report. The City and its planning board then appealed the superior court's order.

The central issue in this case is whether the planning board properly denied the plaintiff's site plan application because it failed to comply with the terms of Somersworth's zoning ordinance. That ordinance, Chapter 19, requires a minimum frontage of 200 feet. § 19.3C, 4(b). The plaintiff concedes in his brief that his site plan does not comply with the terms of the zoning ordinance if the frontage on his proposed street is not included in the planning board's review.

■ The definitions in an ordinance will govern when the terms of the ordinance are at issue. *Trottier v. City of Lebanon,* 117 N.H. 148, 150, 370 A.2d 275, 277 (1977). In this case, the ordinance defines frontage as "the length of the lot bordering on the public right-of-way." § 19.2F. The ordinance defines right-of-way to mean and include "all city, state, and federal highways and the land on either side of same as covered by statutes to determine the width or right of way." § 19.2B. Thus, to determine what part of the plaintiff's land borders on a public right-of-way depends on the definition of highway, a term not defined in the City's zoning ordinance.

■ The relevant part of RSA 229:1, however, defines highway as a road which has been "dedicated to the public use and accepted by the city or town" in which the road is located. *See also Polizzo v. Town of Hampton,* 126 N.H. 398, 401, 494 A.2d 254, 256 (1985). In this case, the plaintiff's road has been proposed but not accepted by the City. Because the creation of a highway requires both dedication and acceptance, the plaintiff's proposed road is not a highway within the meaning of the statute. Consequently, the plaintiff's proposed road is not a public right-of-way as defined by the Somersworth zoning ordinance because it is not a highway. The

planning board's action in denying approval of the site plan application for lack of the required frontage along a public right-of-way was proper.

The plaintiff contends, however, that his filing of the site plan application with a proposed road should constitute an offer of dedication and that his site plan should be approved upon his posting of a bond to ensure road completion in accordance with the City's road requirements, subject only to later acceptance by the City. *See Polizzo, supra* at 401, 494 A.2d at 256 (an offer of dedication may be made by filing a subdivision plan). The plaintiff argues that because a planning board may give conditional approval to proposed roads within a subdivision, it also may give conditional approval to proposed roads within a site plan.

As authority for his argument, the plaintiff stresses the connections and similarities between RSA 674:43, :44, the site plan review enabling statutes, and RSA 674:35, :36, the subdivision review enabling statutes. The plaintiff notes that only those planning boards that have adopted subdivision regulations may adopt site plan review regulations. RSA 674:43, I. The plaintiff further notes that RSA 674:44, IV and RSA 674:35, I, both state that a planning board may stipulate the extent and manner of street grading and improvement, and that RSA 674:44, II(d) and RSA 674:36, II(c) both allow regulations to require the proper arrangement and coordination of streets within a proposed plan. Finally, the plaintiff cites Somersworth's site plan regulations, which incorporate RSA 674:44, II by reference and require site plans to provide specifications concerning, *inter alia,* proposed roads, as additional support for his argument that the planning board may consider and give conditional approval to proposed roads in site plans.

■ The problem with plaintiff's approach in this case is that he attempts to force the planning board to condense into one step a site plan review which requires more than one step: dedication and acceptance of his proposed road as well as site plan review. This court has recognized that planning boards possess the authority under RSA 674:43 to impose conditions in the site plan review process. *Sklar Realty v. Town of Merrimack*, 125 N.H. 321, 326-28, 480 A.2d 149, 152-53 (1984) (planning board could impose conditions both precedent and subsequent in giving preliminary approval to a site plan). In fact, this court in *Gallagher v. Town of Windham*, 121 N.H. 156, 161, 427 A.2d 37, 41-42 (1981) concluded that a planning board legally and reasonably approved a site plan which included a proposed town road. The court in

*Gallagher* determined that as long as the road met town specifications, coupled with a bond posted as security for the road's completion, the proposed road would not infringe upon the interests the zoning ordinance was designed to protect. *Id.*

Neither *Gallagher* nor *Sklar Realty*, however, stands for the proposition that a planning board must approve a proposed road in site plan review simply because it has the power to give conditional approval to a proposal. Where, as here, the site plan does not comply with the express terms of the zoning ordinance, the planning board need not approve it. *Cesere v. Town of Windham*, 121 N.H. 522, 523, 430 A.2d 1134, 1135 (1981); *see Beck v. Town of Auburn*, 121 N.H. 996, 998–99, 437 A.2d 289, 291 (1981). The Somersworth Planning Board did not commit an error of law in denying the plaintiff's site plan proposal.

*Reversed.*

All concurred.