NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Sullivan
No. 2017-0137


TOWN OF GOSHEN

v.

CARL N. CASAGRANDE

Argued: October 25, 2017
Opinion Issued: January 26, 2018


Gardner Fulton and Waugh PLLC, of Lebanon (H. Bernard Waugh, Jr. and C. Christine Fillmore on the brief, and Mr. Waugh orally), for the plaintiff.


Cleveland, Waters and Bass, P.A., of Concord (William B. Pribis on the brief and orally), for the defendant.


BASSETT, J. The defendant, landowner Carl N. Casagrande, appeals an order from the Superior Court (Tucker, J.) granting a motion for summary judgment filed by the plaintiff, the Town of Goshen. The issue before the trial court was whether a section of road abutting Casagrande's property is an unmaintained town road, or whether, as Casagrande contends, it is private property because the residents of Goshen voted at a town meeting in 1891 to discontinue the road. After reviewing the record of the 1891 town meeting, including the language of the warrant article, the trial court concluded that the town had not voted to discontinue the road, and, therefore, Page Hill Road is a public highway. We affirm.

The following facts are undisputed. Casagrande owns property with frontage on Page Hill Road in Goshen. Page Hill Road runs from Province Road in Goshen to the Newport town line, where it becomes a Newport town highway. Goshen maintains the southerly .17-mile portion of Page Hill Road between Province Road and Casagrande's driveway. The unmaintained portion of Page Hill Road begins at Casagrande's driveway. Casagrande has installed a combination-locked gate that prevents vehicle access to Page Hill Road north of his driveway. Only town police, local fire officials, and abutters who request access have the combination to the lock.

In 1891, the Goshen town meeting voted on whether to discontinue the section of Page Hill Road north of Casagrande's driveway. Article 11 of the Warrant for the 1891 Goshen town meeting reads as follows:

> To see if the Town will vote to discontinue and throw up the highway leading from Willie E. Howe's to Newport town line providing Newport will throw up theirs to meet us.

The vote of the town meeting was recorded as: "Art 11th: Voted to throw up the road mentioned in this article." The Town of Newport has never discontinued its portion of Page Hill Road.

Goshen filed suit in superior court requesting that the court permanently enjoin Casagrande from blocking public access to Page Hill Road. Goshen claimed that, because Page Hill Road is a Class VI highway, access cannot be blocked by a locked gate. RSA 231:21-a, I (2009). Goshen moved for summary judgment. Casagrande objected, contending that the unmaintained portion of Page Hill Road north of his driveway was discontinued by a vote at town meeting in 1891. Casagrande argued that the road was discontinued because the condition precedent set forth in the warrant article — that Newport "throw up" its portion of the road — is not reflected in the meeting minutes and, therefore, was not incorporated into the vote of the town meeting. The trial court granted summary judgment for Goshen, ruling that Casagrande had not met his burden to prove the road had been discontinued. This appeal followed.

The parties agree, as do we, that Goshen had the legal authority to condition discontinuance of the road on a subsequent event. See New London v. Davis, 73 N.H. 72, 75 (1904) (holding that a town's ability to discontinue a road would be "seriously hindered, or wholly prevented, if the vote could not be made to depend upon a future event"). Moreover, the parties further agree that, if the 1891 vote did not actually discontinue Page Hill Road, then the unmaintained portion of the road in Goshen remains a Class VI highway, open to the public. Thus, the dispositive legal issue on appeal, as it was in the trial court, is whether the 1891 vote of the town meeting to discontinue Page Hill Road was conditioned upon Newport's discontinuance of its portion of Page Hill Road.

2

In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. Weaver v. Stewart, 169 N.H. 420, 425 (2016). If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we affirm the grant of summary judgment. Id. We review the trial court's application of the law to the facts de novo. Id.

On appeal, Casagrande argues that the trial court erred when it concluded that the 1891 town meeting vote conditioned the discontinuance of Page Hill Road on reciprocal action by the Town of Newport. He contends that, unless a town meeting record is "unclear or ambiguous," or incorporates the warrant article by reference, the warrant article should not be considered when interpreting the town vote. Our inquiry is not so limited.

Resolution of this case requires that we interpret the record from the 1891 town meeting to determine whether the voters intended to condition discontinuance of Page Hill Road upon action by the Town of Newport. "Because public roads are discontinued by town vote, and such actions are recorded, the best evidence of discontinuance is the official record." Blagbrough Family Realty Trust v. A & T Forest Prods., 155 N.H. 29, 37 (2007) (quotation and ellipsis omitted). We have long "recognized that town meetings do not consistently express their purposes with legal precision and nicety and that votes adopted by such meetings will be liberally construed" to give legal effect to language imprecisely employed to express the corporate purpose. McMahon v. Town of Salem, 104 N.H. 219, 220 (1962) (citation omitted). Therefore, we consider the entire record relating to the ballot question, including the language of the warrant article, in ascertaining the voters' intent. See Town of Derry v. Simonsen, 117 N.H. 1010, 1015 (1977).

Discontinuance is not favored in the law; once a road is established as a public highway, it is presumed to exist as a public highway until it is discontinued. Blagbrough, 155 N.H. at 36-37. "Discontinuance is a fact that must be proved and the burden is upon the party who asserts discontinuance to prove it by clear and satisfactory evidence." Id. at 37 (quotation omitted). Therefore, Casagrande bears the burden of rebutting the "strong presumption against discontinuance," and, in order to prevail, he must prove by "clear and satisfactory evidence" that Page Hill Road has been discontinued. Id. (quotation omitted).

Casagrande argues that Article 11, which sets forth the condition precedent, should not be considered because the town meeting minutes are "very clear" and are sufficient to prove that Page Hill Road was unconditionally discontinued. He argues that Sawyer v. Manchester & Keene Railroad, 62 N.H. 135 (1892), stands for the proposition that "where there is a failure in the record of the vote to mention conditions contained in an article, those

conditions cannot be 'read into' the vote."  However, in Sawyer, the court held that even though witnesses testified that the meeting minutes recording a town meeting vote were inaccurate, the minutes could not be amended years later because a third party had relied on the vote as recorded in entering into and performing a contract with the town.  Sawyer, 62 N.H. at 152-57.  Here, the parties disagree about what the town meeting actually approved; more specifically, whether the voters intended to discontinue Page Hill Road without condition.  Sawyer does not address what part of the town meeting record we can review in ascertaining the voters' intent.

The town meeting minutes state as follows: "Art 11th: Voted to throw up the road mentioned in this article."  These minutes reference the warrant article, which places a condition precedent on the discontinuance of Page Hill Road: "To see if the Town will vote to discontinue and throw up [the Town of Goshen's portion of Page Hill Road] providing Newport will throw up theirs to meet us."  (Emphasis added.)

Casagrande argues that the reference in the minutes to Article 11 does not incorporate the condition stated in Article 11 but serves only to identify the road at issue.  Relying upon New London v. Davis, he argues that, had the meeting minutes explicitly referenced the warrant article by using the language "as per," then the condition precedent stated in the warrant article would have been incorporated by reference.  Davis, 73 N.H. at 73.  He contends that, because the minutes state only "mentioned in this article," the voters must have chosen not to condition discontinuance on action from the Town of Newport.

Casagrande urges us to adopt a very constrained interpretation of the phrase "mentioned in this article," thereby terminating the public's right to travel on Page Hill Road.  This is in derogation of the principle that town meeting votes are to be "liberally construed."  McMahon, 104 N.H. at 220.  Based upon our review of the meeting minutes and Article 11, we are not persuaded that the town meeting intended to unconditionally discontinue Page Hill Road.  There is a "strong presumption against discontinuance," Blagbrough, 155 N.H. at 37, and Casagrande has the burden to prove discontinuance by clear and satisfactory evidence.  Id.  Therefore, because the town meeting record is, at best, ambiguous as to whether the voters intended to incorporate the condition precedent into the approved warrant article, we conclude that Casagrande has not met his burden.

Affirmed.

DALIANIS, C.J., and HICKS, LYNN, and HANTZ MARCONI, JJ., concurred.

4